IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERG TRANSIT SYSTEMS (USA), INC., | }<br>}<br>} |
| *Plaintiff*, | }<br>}<br>} |
| v. | }   Case No. 1:07-cv-01924 |
| WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY, | }<br>}<br>} |
| **Defendant.** | }<br>} |

**MEMORANDUM OF POINTS AND AUTHORITIES OF
ERG TRANSIT SYSTEMS (USA), INC. IN OPPOSITION TO
MOTION TO INTERVENE OF CUBIC TRANSPORTATION SYSTEMS, INC.**

Plaintiff, ERG Transit Systems (USA), Inc. ("ERG"), by its undersigned counsel and pursuant to LCvR 47(b) and Rule 24 of the Federal Rules of Civil procedure, hereby respectfully submits the following Memorandum of Points and Authorities in Opposition to the Motion to Intervene, filed on December 3, 2007, by Cubic Transportation Systems, Inc. ("Cubic").

**I.    *Introduction and Summary***

For the reasons detailed herein, Cubic's motion to intervene as a defendant on the side of WMATA should be DENIED, because the interests of WMATA and Cubic, as articulated in Cubic's Motion, and as measured by the ultimate objective of both, are identical. Both seek disclosure of certain information sought by Cubic pursuant to WMATA Public Access to Records Policy ("PARP") which WMATA determined to release to Cubic. Thus, a present party, WMATA, adequately represents Cubic's interest in overcoming ERG's objections and obtaining the requested information. Cubic has failed to make a contrary showing sufficient to overcome the presumption of adequacy that applies in cases such as this, in which WMATA acts

1

in a *parens patriae* capacity as a representative of the public in applying a policy expressly intended to serve the public's interest in disclosure of information submitted to WMATA. As here, where adequate representation by a public agency exists, a motion for intervention of right under Rule 24(a) must be denied. Such representation also weighs heavily against permissive intervention under Rule 24(b), because Cubic's participation in the action is manifestly unlikely to make a more useful contribution to development or resolution of the issues than WMATA, but may result in introduction of collateral issues and frustration of the existing parties' ongoing efforts to streamline the case, limit the issues, and to protect, *pendente lite*, the confidentiality of the subject matter of the lawsuit.

Alternatively, if the Court determines to allow Cubic's intervention, in order to protect the basic purpose and integrity of the action and the fundamental question to be decided – whether certain information and documents WMATA determined to release to Cubic are exempt from disclosure under PARP section 6.1.4 as confidential commercial and/or financial information of ERG's – it must condition Cubic's intervention on Cubic's being bound to an appropriate protective order that restricts disclosure to Cubic's outside counsel only the documents and information that are the subject of this action (as the same may be amended) and other papers containing or referring to confidential information and documents that may be filed, exchanged or served in this action. Otherwise, Cubic would gain, merely by intervening, the very information ERG by this action seeks to protect. Furthermore, to prevent introduction of collateral issues and claims, and any undue delay and complication that Cubic's intervention may cause, the Court should further condition intervention on Cubic's joinder to a reasonable case management order that will keep this case on track for an efficient and reasonably prompt resolution of the core issues framed by the existing pleadings. ERG and WMATA are currently

working on such a draft Stipulated Protective Order, and such agreed case management parameters, and plan to submit them shortly, in connection with their Joint Rule 16(b) Conference Report and Proposed Briefing Schedule.

II.  *Argument and Authorities*

    A.  *Cubic's Interests Are Adequately Represented by WMATA and It Has Failed to Overcome that Presumption*

By its Motion, Cubic seeks leave to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2), and permissively, pursuant to Rule 24(b)(2). "Motions for intervention under Rule 24(a)(2) must satisfy four requirements in this Circuit: (1) they must be timely, *Foster v. Gueory*, 655 F.2d 1319, 1324 (D.C. Cir. 1981); (2) there must be an adequate interest in the action; (3) there must be a possible impairment of that interest; and (4) there must be a lack of adequate representation of that interest by existing parties. *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C.Cir. 1986) (citing *Environmental Defense Fund, Inc. v. Higginson*, 631 F.2d 738, 739 (D.C.Cir. 1979))." *Sweet Home Chapter of Communities for a Greater Oregon v. Lujan*, 1991 WL 277331, *1 (D.D.C. 1991).

ERG does not contend that Cubic's Motion is untimely, nor that it lacks an interest in the outcome of this action that may be impaired were the Court to grant the relief ERG seeks. Cubic defines its interest in its moving papers expressly: "In this case, ERG's request for relief threatens Cubic's legal right to obtain disclosable records. . . . ERG's claim for relief, if successful, would force a regulatory action, i.e., a refusal by WMATA to disclose certain public records – that would cause injury to Cubic." Cubic's Memorandum of Points and Authorities in Support of Motion for Intervention ("Cubic Memo."), at 5.

As to the fourth prong, adequate representation, ERG respectfully submits that the defendant in the case, WMATA, adequately represents Cubic's interests in obtaining disclosure

3

of the information and documents ERG by this action seeks to protect. Cubic, in urging that this element be measured by a minimal "may be" inadequate test, misapprehends the liberality of the standard applicable here, and has not made a sufficient showing of the circumstances necessary overcome the presumption of adequate representation applicable in this case. As Judge Urbina of this Court expressed the standard less than a month ago, while:

> [t]raditionally '[t]his burden is minimal and is met if [the movant] show[s] that representation of [her] interests 'may' be inadequate,' *Foster* v. *Gueory*, 655 F.2d 1319, 1325 (D.C. Cir. 1981) . . . as here, where a party is charged by law to protect the interest of a nonparty, that *'representation will be presumed adequate unless special circumstances are shown,'* 7C FED. PRAC. & PROC. § 1909 [sic].

*Schoenborn* v. *WMATA*, WL 4150440, *3 (D.D.C. Nov. 26, 2007)(emphasis added).

As Cubic concedes in its moving papers, in this case involving WMATA's PARP, WMATA is acting as a government entity. *See* Cubic Memo, at 7 ("WMATA may not represent Cubic's interests, because . . . government entities do not necessarily represent the financial interests of a private party regulated by the statute in dispute."). In such cases, "[a] governmental entity that is asserting its status as a guardian or representative of all of its citizens deserves special consideration when a court is determining whether it is an adequate representative of the interests of would-be interveners." 6 J. Moore, Moore's Federal Practice § 24.03[4][a][iv][A] (2005).

This principle is recognized and applied in this Circuit. *Schoenborn,* WL 4150440 at *3. In *Environmental Defense Fund* v. *Higginson,* the Court of Appeals articulated the presumption applicable in such cases, and its effect on the adequate representation determination:

> Under the parens patriae concept, however, a state that is a party to a suit involving a matter of sovereign interest is presumed to represent the interests of all its citizens. Thus, to intervene in a suit in district court in which a state is already a party, a citizen or subdivision of that state must overcome this presumption of adequate representation. A minimal showing that the representation may be inadequate is not sufficient. The applicant for intervention

4

>must demonstrate that its interest is in fact different from that of the state and that that interest will not be represented by the state.

631 F.2d 738, 740 (D.C. Cir. 1979).

Here, the interest Cubic seeks to pursue in this case is to obtain disclosure of the documents WMATA has already determined are discloseable under PARP. WMATA has answered, and defends its decision to disclose, and there is no indication that it will do anything in this action less than to vigorously defend that decision and continue to seek disclosure. Cubic's proposed answer is virtually identical to WMATA's, and, in it, Cubic seeks no greater or different relief than WMATA.

The only arguments Cubic offers to distinguish its interests from WMATA's are its bare assertions that the reasons it seeks disclosure to prepare claims against WMATA and to look for evidence that ERG may be "defaming" Cubic in submissions to WMATA. Cubic Memo., at 8. Even if these self-serving assertions are credited, they fall far short of demonstrating the "special circumstances" necessary to overcome the presumption of adequacy of representation applicable in this case. They amount to nothing more than a statement of Cubic's motives or reasons for seeking disclosure of the records, and not articulations of any interests in the litigation distinct or different from WMATA's that may have any bearing on the outcome of the suit. Both WMATA and Cubic, regardless of their motives, seek the same objective. "[A] difference between the existing parties and the applicants to intervene as to the motives for litigation does not establish inadequacy of representation in the litigation." 6 J. Moore, *supra,* at § 24.03[4][a][i], *citing Washington Elect. Coop. v. Massachusetts Mun. Wholesale Elec. Co.,* 922 F.2d 92, 98 (2d Cir. 2000).

Indeed, Cubic's identity and its particular private "economic" motives for seeking the information are irrelevant to the issues in the case, and cannot be considered on the merits.

5

Under applicable FOIA law as declared by the D.C. Circuit, Cubic has no greater or different interest in the information it seeks than any other member of the public coming before WMATA with a PARP request seeking information that a submitter seeks to exempt from disclosure as confidential. *See Public Citizen Health Research Group* v. *FDA,* 185 F.3d 898, 904 (D.C. Cir. 1999) ("the public interest side of the balance is not a function of the identity of the requester. . ."). There is no reason to believe that WMATA will be anything less than diligent in vindicating the public's right to disclosure and seeking to attain the same objective Cubic seeks in this case.

The cases cited by Cubic in support of its motion are not analogous to the circumstances presented here. In the federal agency cases cited in its brief, the *parens patriae* agency actions under review involved broad, sweeping, regulatory actions that affected the interests of different constituencies in different ways, which may not have been apparent or of particular concern to the agency, rendering the government's representation inadequate because the agency would not necessarily litigate or frame the issues in the case in a way that expressed the putative intervenors' interests. *E.g., Fund for Animals, Inc.* v. *Norton,* 322 F.3d 728 (D.C. Cir. 2003) (designation of endangered species affecting sport hunting in Mongolia); *Dimond* v. *D.C.,* 792 F.2d 179 (D.C. Cir. 1986)(no-fault insurance law affecting automobile insurance carrier's interests). Unlike those cases, here, Cubic's legal rights to disclosure of records it requested from PARP are expressly created and defined by the plain requirements of the PARP WMATA is charged with applying and enforcing, which WMATA, in this case, applied and enforced in Cubic's favor. Regardless of Cubic's motives in invoking the PARP, insofar as the central question in this suit is concerned – whether WMATA's public disclosure policy requires public disclosure of the records Cubic seeks – the "public interest" and Cubic's are identical. *Public*

6

*Citizen,* 185 F.3d at 904. Reflecting this identity of interest, the answer filed by both WMATA and Cubic's proposed answer are, in substance, identical. In the circumstances of this case, WMATA adequately represents Cubic's interests.[1] Cubic's motion for intervention as of right must be denied.

For the same fundamental reason, permissive intervention, which lies in the sound discretion of the Court, should also be denied. *See, e.g., Menominee Indian Tribe* v. *Thompson,* 164 F.R.D. 672, 678 (W.D. Wis. 1996) ("[w]hen intervention of right is denied for the proposed intervenor's failure to overcome the presumption of adequate representation by the government, the case for permissive intervention disappears"). Furthermore, Federal Rule of Civil Procedure 24(b)(3) expressly provides:

> (3) *Delay or Prejudice* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. Pro. 24(b)(3)

Here, intervention by Cubic is likely to introduce complications and distractions from the core issues of the case. Cubic is a direct competitor of ERG's for WMATA's business which has already signaled that part of its reasons for intervening in the case include facilitating a fishing expedition for evidence of "defamation" by ERG. On December 12, 2007, WMATA and ERG, as previously ordered by the Court, conducted a Rule 16(b)(3) initial conference, and counsel have made considerable progress in discussing a framework for settlement, means of streamlining the case and limiting the issues for decision, and preserving, *pendente lite,* the confidentiality of the information that forms the basic subject matter of the case. Those efforts

---

[1] *Appleton* v. *FDA*, the sole FOIA case from this Circuit cited by Cubic, provides no support for the proposition that Cubic and WMATA do not share an identity of interest. In that case, the *submitter* of information it deemed exempt from disclosure under FOIA as confidential and trade secret information was granted intervention in order to protect such information. 310 F.Supp.2d 194 (D.D.C. 2004). The Court recognized that the submitter had a distinct interest contrary to the interests of the requester and the FDA. *Id.* at 197.

have included exchanging drafts and markups of a Stipulated Protective Order, limiting disclosure of sensitive information. There is at least a substantial risk that intervention by Cubic, whose motives – as stated in support of its Motion – may go far beyond obtaining the information ERG seeks to protect from disclosure, may result in the introduction of collateral issues, and frustration of the existing parties' and the Court's efforts to simplify, develop and present for determination the predominantly legal issues in the case, as presently pleaded, efficiently and promptly.

    **B.**    *In Any Event, If it is To Grant Cubic's Motion, In Order to Protect the Fundamental Integrity of the Action, the Court Must Bind Cubic to a Form of Protective Order That Will Prevent Disclosure of the Information ERG Seeks to Protect in this Action to Cubic, Except for its Outside Counsel, and Other <u>Measures Designed to Prevent Undue Delay and Complication</u>*

In the event the Court decides to grant Cubic's motion, in order to protect the Court's jurisdiction to declare the parties' rights and to prevent the action from becoming moot, it is essential that the Court condition Cubic's intervention on Cubic's being bound to measures intended to protect the integrity of this action, and to prevent introduction of collateral issues and undue complication and delay. At a minimum, the Court should condition Cubic's entry into the case on its being bound to a form of protective order that will prevent disclosure of the underlying information ERG seeks to protect from disclosure, and other confidential information that may be filed, served or exchanged during the case to Cubic's principals, officers, inside counsel, employees, agents, contractors and consultants. Any such disclosure must be limited to Cubic's outside counsel and its clerical assistants, and court personnel, only. WMATA's counsel has authorized the undersigned to represent to the Court that WMATA agrees that such protection is necessary. Absent such a condition, Cubic's intervention itself would frustrate the fundamental purpose of the action, and render it moot, as Cubic would gain, merely by

8

intervening, access to the very information ERG seeks to protect.

As noted previously, ERG and WMATA are presently working on the form of a Stipulated Protective Order that would contain such restrictions, and plan to present it to the Court, as part of their Joint 16(b) Conference Report and Proposed Case Management Order. That Report and Proposed Order may also contain other provisions, including restrictions on discovery, amendment, and a dispositive motion schedule, intended to streamline the case, and to avoid undue complication and delay.

It is well settled that a Court may impose conditions on permissive intervention, such as restricting the intervenor's rights to discovery or to assert claims not presented by the existing parties. *Stringfellow* v. *Concerned Neighbors in Action,* 480 U.S. 370, 378 (1987). There is "firmly established" authority for the proposition that intervention as of right may also be subject to reasonable conditions, as well. *See Beauregard, Inc.* v. *Sword Services, L. L. C.* 107 F.3d 351, 352-53 (5th Cir. 1997) ("Although not without some controversy, it is now a firmly established principle that reasonable conditions may be imposed even upon one who intervenes as of right.") (footnote omitted); 28 U.S.C.A. Rule 24, Advisory Committee Notes, 1966 Amendment ("An intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings").

If it is inclined to grant Cubic's motion to intervene, then the Court must exercise its power to condition such intervention on Cubic's joinder to an appropriate protective order and should also require Cubic's joinder to a reasonable case management order which would prevent injection of collateral issues and avoid undue complication and delay, and keep this case on track for efficient and relatively prompt resolution of the primarily legal issues that govern the

outcome of the case as presently pleaded. ERG and WMATA are presently working on their joint proposed Stipulated Protective Order and agreed parameters for such a case management order, and expect to present them to the Court shortly, and, in any event on or before January 11, 2007, when the Court ordered the parties to present a dispositive motions briefing schedule in its Minute Order of December 13, 2007.

### III.    *Conclusion and Prayer for Relief*

**WHEREFORE**, ERG respectfully requests that this Court:

(a) Enter an Order DENYING Cubic's Motion to Intervene, OR, in the alternative;

(b) Enter an Order conditioning Cubic's intervention on Cubic's being bound to an appropriate protective order that restricts disclosure to Cubic's outside counsel only the documents and information that are the subject of this action (as the same may be amended) and other papers containing or referring to confidential information and documents that may be filed, served or exchanged in this action, and on Cubic's joinder to a reasonable case management order that will prevent injection of collateral issues and avoid undue complication and delay, and keep this case on track for efficient and relatively prompt resolution of the core issues framed by the existing pleadings.

Respectfully submitted,

**ERG TRANSIT SYSTEMS (USA), INC.**

By its attorneys:    /s/ Benjamin J. Lambiotte
Benjamin J. Lambiotte, Esq.
D.C. Bar No. 421288
blambiotte@gsblaw.com
Matthew C. Hoyer, Esq.
D.C. Bar. No. 975544
Robert A.W. Boraks, Esq.
D.C. Bar No. 72132
**GARVEY SCHUBERT BARER**
1000 Potomac Street, Fifth Floor
Washington, D.C. 20007
(202) 965-7880