# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| **ERG TRANSIT SYSTEMS (USA), INC.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 1:07-CV-1924** |
| ) | **Judge Rosemary M. Collyer** |
| **WASHINGTON METROPOLITAN** ) | **Next Scheduled Event: TBD** |
| **AREA TRANSIT AUTHORITY** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## JOINT PROPOSED DISPOSITIVE MOTION BRIEFING SCHEDULE

Pursuant to the December 13, 2007, Order of this Court, the parties, Plaintiff

ERG Transit Systems (USA), Inc. ["ERG"], and Defendant Washington Metropolitan

Area Transit Authority ["WMATA"], hereby submit their Joint Proposed Dispositive

Motion Briefing Schedule following meetings of counsel via telephone.

**Statement of Case**

This is an analog to a reverse-FOIA action.  Rather than the FOIA, however,

WMATA is subject to its substantially similar Public Access to Records Policy

["PARP"].  Records submitted to WMATA by ERG, a WMATA contractor, are

subject to a PARP request.  Under PARP procedures, analogous to those under

FOIA, WMATA provided ERG with notice of its final determination of proposed

redactions to the records.  ERG claims that WMATA's determination is arbitrary,

capricious, an abuse of discretion or otherwise not in accordance with law.

**Joinder of Parties/Amended Pleadings**

ERG and WMATA do not anticipate joining any third-parties.  Cubic Transportation Systems, Inc., however, has filed a motion to intervene in the case. ERG has opposed Cubic's motion.  WMATA does not consent to Cubic's motion, but will not oppose.  In addition, WMATA is responding to the underlying PARP request in two parts, so-called "first wave" and "second wave."  The instant case is regarding the first wave.  Per PARP procedures, WMATA will notify ERG of its decision on the "second wave," on January 11, 2007.  This may result in a dispute pertinent to this litigation and an amendment of pleadings.  ERG anticipates filing an amended pleading on or before January 30, 2008, should it oppose WMATA's proposed release of the second wave of records.

**Discovery and Stipulated Protective Order**

ERG and WMATA agree that formal discovery is unnecessary, unless ordered by the Court upon a motion and proper showing by a party.  ERG and WMATA further agree that certain information contained in the records that are the subject of this dispute is Confidential Information, as further defined and protected from unwarranted disclosure in the attached stipulated protective order.  The attached form of Stipulated Protective Order, to which ERG and WMATA have agreed, calls for documents containing information ERG by this action seeks to protect from disclosure to be attached to the Order, filed under seal, and protected as Confidential Information.  The Stipulated Protective Order also creates a process for designation of additional documents that may be exchanged as Confidential

2

Information subject to the protections of the Order.  ERG and WMATA are in the process of identifying the records that will initially be attached, filed and protected per the Order, and expect to file such records under seal shortly.

**Proposed Dispositive Motion Schedule**

There are no pending dispositive motions.  ERG and WMATA anticipate narrowing issues prior to filing dispositive motions through consensual discussions and mediation.  Should this matter not be resolved via this process, ERG and WMATA propose that dispositive motions should be filed by May 30, 2008, oppositions by July 3, 2008, and replies by July 31, 2008.

Respectfully submitted,

/s/ Benjamin J. Lambiotte
Benjamin J. Lambiotte, #421288
Matthew C. Hoyer, #975544
Robert A.W. Boraks, #72132
Garvey Schubert Barer
1000 Potomac St., NW, 5th Fl.
Washington, D.C. 20007
(202) 965-7880
Attorneys for Plaintiff
blambiotte@gsblaw.com

/s/ Phillip T. Staub
Phillip T. Staub, #442013
Bruce P. Heppen, #252171
Associate General Counsels-WMATA
600 Fifth Street, NW, 2nd Fl.
Washington, D.C.  20001
(202)-962-2555
Attorneys for Defendant
pstaub@wmata.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Joint Proposed Dispositive Motion Briefing Schedule** was served electronically, this 11th day of January, 2008, to:

Benjamin J. Lambiotte
Matthew C. Hoyer
Robert A.W. Boraks
Garvey Schubert Barer
1000 Potomac St., NW, 5th Fl.
Washington, D.C. 20007
blambiotte@gsblaw.com

Rodney H. Glover
Brian Walsh
Wiley Rein, LLP
1776 K St., NW
Washington, D.C. 20006
rglover@wileyrein.com


/s/ Phillip T. Staub
Phillip T. Staub

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ERG TRANSIT SYSTEMS (USA), INC.,** | } | |
| | } | |
| ***Plaintiff,*** | } | |
| | } | |
| **v.** | } | **Case  No.  1:07-cv-01924** |
| | } | **Judge Rosemary M. Collyer** |
| **WASHINGTON METROPOLITAN** | } | |
| **AREA TRANSIT AUTHORITY,** | } | |
| | } | |
| | } | |

<u>**STIPULATED PROTECTIVE ORDER**</u>

   Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by and through their

undersigned counsel, each of the parties hereby stipulate to the issuance of the following

Protective Order ("Order") limiting the disclosure of certain information and agree to be bound

by the restrictions of this Order limiting the use of such information as hereinafter provided.

**IT IS HEREBY AGREED TO AND ORDERED THAT:**

   1.  <u>***Scope***</u>

   (a)  Upon furnishing to the Court or counsel for any party any documents and

information in conjunction with this litigation, counsel for the furnishing party shall designate

as "CONFIDENTIAL," (in accordance with section 2 hereof) those portion(s), if any, which

the furnishing party claims contain or are derived from trade secrets or confidential, business

commercial, proprietary, personal and private, or financial information ("Confidential

Information").

   (b)  In addition, all documents and information which Plaintiff ERG seeks, by this

action, to protect from public release or disclosure pursuant to Defendant Washington

Metropolitan Transit Authority's (WMATA's) Public Access to Records Policy ("PARP"), as

more particularly described and identified in the records, which will be attached hereto and

submitted under seal (as the same may be supplemented or amended from time to time), shall

also be treated as Confidential Information subject to this Order.  ERG and WMATA are in the

process of identifying which records initially will be so attached and submitted, and expect to

file such records under seal shortly.

(c)  Counsel for any party receiving any Confidential Information described in

subsections (a) and (b) hereof shall treat it as confidential and proprietary and shall not use or

disclose such Confidential Information except as provided, for the purposes, and in the

manner, set forth in this Order, provided that any designation as Confidential Information

pursuant to subsection (a) hereof may be objected to pursuant to the procedure set forth in

Section 6, pertaining to objections to designation.

2.     ***Designation of Confidentiality.***  Documents or information may be designated

CONFIDENTIAL within the meaning of this Order in the following ways:

(a)     In the case of documents and the information contained therein, designation

shall be made by means of the following legend placed on each page of any such document:

"CONFIDENTIAL."

(b)     In the case of declarations, affidavits, and exhibits thereto, and the information

contained therein, designation shall be made by means of a statement in the declaration or

affidavit that the averments therein or specific parts thereof are designated

"CONFIDENTIAL," and by placing a "CONFIDENTIAL" legend on each page of such

exhibit.

(c)     As with all materials reproduced from, derived from, or containing information contained in documents and/or testimony designated "CONFIDENTIAL" to the extent that any party or counsel for any party creates, develops or otherwise establishes any electronic or magnetic media, including any database, disc or tape, which contains information designated "CONFIDENTIAL" that party's counsel must take all necessary steps to insure that access to that electronic or magnetic media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information.

(d)     All documents and materials filed with the Court constituting, containing or reflecting the contents of Confidential Information shall, without the necessity of a further motion or Order by the Court, be packaged, marked and filed as documents subject to an existing Order that they be filed under seal, in accordance with Rule 5.1(j) of the Rules of the United States District Court for the District of Columbia.  This Stipulated Protective Order shall constitute such an Order.  No person other than counsel of record in this case may have access to any sealed document from the files of the Court without a further Order of the Court.  Any document filed under seal may be opened and used by the presiding Judge, law clerks and other Court personnel without further Order of the Court. Each document filed under seal may be returned to the party which filed it (1) if no appeal is taken, within ninety days after a final judgment is rendered or (2) within thirty days after the mandate of the last reviewing court which disposes of this litigation in its entirety is filed ("the final resolution of this litigation").  If the party which filed a sealed document fails to remove the document within the appropriate time frame, then, after notice from the Clerk of Court, the document shall be destroyed by the Clerk.

**3.**     ***Use of Confidential Information*** . Confidential Information shall be used by any party, other than the furnishing and designating party, solely for the purpose of conducting this litigation and

in accordance with the provisions of Section 4 of this Order, and shall in no event be used for any

business, competitive, personal, private, public or other purpose, except as required by law.

       4.     ***Access to and Disclosure of Confidential Information***.  Access to and disclosure of

Confidential Information subject to this Order shall be limited to:

       (a)     in the case of WMATA, its Associate General Counsels of record in this case for

WMATA (including other associates of such counsel who are actually engaged in assisting such

Associate General Counsels in this litigation), as well as WMATA personnel who are actually engaged

in assisting such counsel in this litigation, subject to the provisions of subsection (h);

       (b)     in the case of ERG, outside counsel of record in this case for such parties (including

members or associates of such counsels' firm who are actually engaged in assisting such outside

counsel), such counsel's paralegal, secretarial and clerical personnel who are actually engaged in

assisting such counsel in this litigation.  Disclosure of Confidential Information may also be made to

ERG inside counsel and personnel who are actually engaged in assisting outside counsel in this

litigation, subject to the provisions of subsection (h);

       (c)     outside photocopying, data processing or graphic production services utilized by the

parties or their counsel to assist in this litigation;

       (d)     this Court or any other Court exercising jurisdiction with respect to this litigation, Court

personnel, United States Magistrate Judges, Court-appointed Special Masters, mediators, and referees,

and qualified persons (including necessary clerical personnel) recording, taking or transcribing

testimony or argument at any deposition, hearing, trial or appeal in this litigation;

       (e)     any other person to whom the party  that originated the information expressly agrees in

a writing particularly identifying such information, subject to the provisions of subsection (h); and

(f)     in the case of any other party added to this action, outside counsel of record in this case for such party (including members or associates of such counsels' firm who are actually engaged in assisting such outside counsel), and such counsel's paralegal, secretarial and clerical personnel who are actually engaged in assisting such counsel in this litigation.

(g)     Notwithstanding any other provision hereof, until such time as the Court enters:  as to Confidential Information designated as Confidential Information pursuant to section 1(a) hereof, a further order issued pursuant to Section 6 of this Order sustaining an objection to such designation; or, in the case of Confidential Information constituting, containing or reflecting information and documents ERG seeks to protect from disclosure by this action protected under Section 1(b) hereof, a final non-appealable judgment declaring that the information or documents may be disclosed publicly, in no event shall Confidential Information be disclosed to any officer, inside counsel, agent, employee, representative, consultant or contractor (whether or not such person is a  witness or potential witness in this action), of Cubic Transportation Systems, Inc., whose PARP request is the subject of this action.

(h) Confidential Information shall be disclosed outside WMATA and ERG legal personnel under subparagraphs 4(a) and (b) (e) only where counsel in good faith determines that the disclosure is necessary and appropriate for the effective prosecution or defense of the litigation, and only after such person has executed a Certification in substantially the form attached hereto as Exhibit A.  The originals of such Certifications shall be maintained by counsel for the party who obtained them until the final resolution of this litigation. Upon a showing of good cause to the Court, copies of all executed Agreements shall be provided to counsel for the parties.  The prohibitions in this Section 4 include either direct or indirect disclosure or discussion, including, but not limited to, any disclosure by counsel .

**5.**     ***Objections to Designations.***  A party shall not be obligated to object to the propriety of

a designation as "CONFIDENTIAL" at the time made, and a failure to do so shall not preclude a subsequent objection thereto.  In the event a party objects to the designation under this Order by another party of any material, the objecting party shall consult with the designating party to attempt to resolve their differences.  If the parties are unable to reach an accord as to the proper designation of the material, the objecting party may apply to the Court for a ruling that the material shall not be so treated, giving notice to the party which has designated the material.  The designating party shall bear the burden of defending its designations.  If the parties are unable to reach an accord and if no application to the Court is made, the material will remain as designated. Any information which had been designated "CONFIDENTIAL" but which is subject to a dispute as to its proper designation, shall be treated in accordance with its putative designation pending resolution of the dispute.

6.    ___Use of Confidential Information at Trial or Hearing.___  A party may, subject to the rules of evidence and further Orders of the Court, use any Confidential Information for any proper purpose at trial or at any hearing before a judicial officer in this litigation, provided that reasonable notice (except in unforeseen circumstances, at least five (5) business days in advance) is given to the Court and counsel for the party who produced and designated the Confidential Information and provided further that the Court takes such measures as necessary and appropriate to protect  such Confidential Information.  In requiring reasonable notice of proposed use of Confidential Information, this Order does not seek to require a separate notice procedure; rather good faith compliance by any party with this Court's pre-hearing and/or pretrial requirements to disclose protected documents or information proposed for use at hearing or trial (referenced by bates number or other specific designation) shall constitute compliance with this notice requirement.

7.    ___Preservation of Rights and Privileges.___  Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response

to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any legally cognizable privilege to withhold any Confidential Information or Confidential and Lawyers Only Information, or of any right which any party may have to assert such privilege at any stage of this litigation.

8.     _**Freedom to Advise Clients.**_   Nothing in this Order shall bar or otherwise prevent any attorney from rendering advice to his or her client with respect to this litigation and, in the course of rendering such advice, from relying upon his or her examination or knowledge of Confidential Information; provided however, that in rendering such advice and in otherwise communicating with his or her client, such attorney shall not disclose the substance, contents or source of any Confidential Information produced by another party to this litigation to any person who is not authorized to receive such information under the provisions of this Order.

9.     _**Return of Materials**_.   Within thirty (30) days after the final resolution of this litigation, all Confidential Information produced by a party, including copies, abstracts, summaries, databases or other information, shall be destroyed or, at the request of the party that produced the information, returned to counsel for that party. As to those materials which contain or reflect Confidential Information, but which constitute or reflect counsel's work product, counsel of record for the parties shall be entitled to retain work product in their files in accordance with the provisions of this Order, so long as it is clearly marked to reflect that it contains information subject to this Protective Order:. Counsel retaining court reporters shall have the responsibility for ensuring their compliance with this paragraph and shall notify counsel for the other parties when compliance is complete.

10.     _**Inadvertent or Unintentional Disclosure**_.   The inadvertent or unintentional disclosure by the producing party of Confidential Information (an "Inadvertently Produced Protected Document"),

regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim to a Confidential Information designation, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Upon learning of an inadvertent or unintentional disclosure of an Inadvertently Produced Protected Document, the producing party shall within ten (10) days designate such information as Confidential Information which information shall be treated in accordance with the applicable provisions of this Order. Nothing contained within this paragraph prevents a party from challenging such a designation of documents or information as Confidential Information pursuant to the procedures contained in paragraph 5.

11.     A party's stipulation and compliance with the terms of this Order shall not operate as an admission regarding the confidentiality, admissibility, or privileged nature of any particular document or information. Nothing in this Order shall be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

12.     Any party or person in possession of Confidential Information who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) issued in any proceeding other than this action, which subpoena seeks production or other disclosure of such Confidential Information shall promptly give written notice by facsimile to counsel for the party who produced or designated the materials as confidential identifying the materials sought and enclosing a copy of the subpoena or other process. The party or person receiving the subpoena shall also inform the person seeking the Confidential Information that such information or document is either confidential or protected work product, subject to Protective Order and may not be disclosed without either the consent of the party that produced the Confidential Information, or by court order. The person subject to the subpoena or

other process shall not produce or disclose the requested information until ordered to do so by a court of competent jurisdiction or obtaining the requisite consent as described in this Order.

13.    Upon the final resolution of this litigation, the provisions of this Order shall continue to be binding, except to the extent that the Court declares that all or part of the information and/or documents which ERG seeks to protect by this action may be publicly disclosed by WMATA.  This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation.

14.    This Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by Order of the Court made upon written motion on notice to all parties.

**ON THIS, the _____11th___ day of January, 2008, IT IS SO STIPULATED BY:**

| | |
|---|---|
| **PLAINTIFF** | **DEFENDANT** |
| **ERG TRANSIT SYSTEMS (USA), INC.** | **WASHINGTON METROPOLITAN TRANSIT AUTH.** |
| By its attorneys: | By: its counsel: |
| /s/ Benjamin J. Lambiotte | /s/ Phillip T. Staub |
| Benjamin J. Lambiotte | Philip T. Staub |
| D.C. Bar No. 421288 | D.C. Bar No. 442013 |
| blambiotte@gsblaw.com | pstaub@wmata.com |
| Matthew C. Hoyer | Bruce P. Heppen |
| D.C. Bar. No. 975544 | D.C. Bar. No. 252171 |
| Robert A.W. Boraks | WMATA Associate General Counsels |
| D.C. Bar No.    72132 | 600 Fifth Street, N.W. |
| **GARVEY SCHUBERT BARER** | Washington, D.C.  20001 |
| 1000 Potomac Street, Fifth Floor | (202) 962-2555 |
| Washington, D.C. 20007 | |
| (202) 965-7880 | |

**AND, ON THIS, the _____ day of January, 2008,  IT IS HEREBY SO ORDERED:**

_____

Rosemary M. Collyer
United States District Judge

<u>EXHIBIT A</u>

<u>FORM OF CERTIFICATION</u>

     1.     My name is _____. I am employed as (state position) _____ by (state name and address of employer) _____.

     2.     I have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of this Order, and agree to comply with and to be bound by its provisions during my employment and thereafter

     3.     I declare under penalty of perjury that the foregoing is true and correct.

Executed this \_\_\_day of_____2008.

                By:   _____