IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ERG TRANSIT SYSTEMS (USA), INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY,<br><br>　　　　Defendant. | Case: 1:07-cv-01924<br>Assigned To: Collyer, Rosemary M.<br>Assign. Date: 10/25/2007<br>Description: FOIA/Privacy Act |

**NOTICE OF OBJECTION TO ERG TRANSIT SYSTEMS (USA), INC. AND WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S JOINT PROPOSED DISPOSITIVE BRIEFING SCHEDULE AND STIPULATED PROTECTIVE ORDER**

Cubic Transportation Systems, Inc. ("Cubic"), objects to the Joint Proposed Dispositive Briefing Schedule ("Schedule") and the Stipulated Protective Order ("Protective Order") by Plaintiff ERG Transit Systems (USA), Inc. ("ERG"), and Defendant Washington Metropolitan Area Transit Authority ("WMATA") on January 11, 2008. Cubic objects because, although it has moved to intervene in the pending action, neither ERG nor WMATA incorporated Cubic's comments in the proposed Dispositive Motion Briefing Schedule or the proposed Protective Order recently filed with the Court; which, if adopted by the Court would result in substantial prejudice to Cubic should its motion to intervene be granted. In particular, Cubic requested a more expedited briefing schedule in light of the agreement that no discovery is needed and it objected to the provision in the Protective Order that if Cubic succeeded in intervening, review of confidential documents would be restricted to outside counsel only. The net effect of Cubic's

exclusion harms Cubic in two ways. First, the excessively long briefing schedule outlined is calculated to prevent Cubic from obtaining the documents it seeks in a timely manner. Second, the Protective Order, as proposed, would prevent Cubic's outside counsel from consulting with its client regarding the documents which are the subject of this entire proceeding.

### Background

On December 13, 2007, this Court entered an Order cancelling an Initial Scheduling Conference set for January 4, 2008 and, ordering "that the parties submit a Joint Dispositive Motion Briefing Schedule no later than January 11, 2008." Cubic's counsel was included in the service list for this Order. This Order was entered ten days following Cubic's filing of its Motion to Intervene. As such, based on the timing of the Order and, Cubic's inclusion on the service list, Cubic interpreted it to include an implicit direction that Cubic participate in discussions regarding the Schedule pending the Court's decision on its Motion to Intervene. In order to comply with the Order, Cubic contacted the other parties to discuss these issues. ERG and WMATA refused to account for or include Cubic's positions in the proposed Schedule or the Protective Order. ERG and WMATA do not share Cubic's interpretation of the Order and thus negotiated the Schedule without including input from Cubic.[1]

### Proposed Dispositive Motion Schedule

WMATA and ERG anticipate that ERG may file an amended pleading on or before January 30, 2008, based on the "second wave" of WMATA's response to Cubic's PARP request. Based on this date for the filing of an amended pleading WMATA and ERG propose that dispositive motions should not be filed until May 30, 2008, with oppositions to follow on July 3, 2008, and replies by July 31, 2008.

---

[1] Though ERG and WMATA did include Cubic's Counsel on emails regarding the proposed Schedule and the proposed Protective Order.

Though Cubic's status as a party to this litigation is still pending the Court's ruling on Cubic's Motion to Intervene, Cubic would like to note its objection to this proposed schedule and note its own proposed schedule for the Court's consideration.

ERG and WMATA propose to begin the process of filing dispositive motions on May 30, 2008, over a year after Cubic's PARP request was made. This delay of over a year is contrary to the policy reflected in the PARP that requests for documents should be handled as quickly as possible. *See, e.g.*, PARP § 7.10.1-.2 (requiring PARP administrator to make a determination regarding whether to comply with a request within 20 days of receiving it and allowing for expedited processing of requests under certain situations). Cubic has sought these documents for months and wishes to have the Court resolve whether or not Cubic is entitled to them under the PARP as quickly as possible. Delay in obtaining the documents prevents Cubic from seeking an equitable adjustment similar to the one ERG has already sought and obtained. As such, Cubic does not believe that the filing of dispositive motions should wait until May 30, 2008.

It should be noted that both ERG and WMATA agree that no discovery need be done in this case. *See* Schedule at 2 ("ERG and WMATA agree that formal discovery is unnecessary"). Cubic sees absolutely no reason to delay the briefing schedule given the relatively straight forward nature of this suit. The issues are all legal and the delay proposed by ERG and WMATA would be detrimental to Cubic.

Cubic proposes, in the case that it is allowed to intervene, that dispositive motions should be filed by February 15, 2008, oppositions by February 29, 2008, and replies by March 12, 2008. Cubic believes that this schedule affords the parties adequate time to brief the issues presented and furthermore helps ensure a speedy resolution to the litigation as Cubic has already been forced to wait over seven months to receive the documents it is entitled to under the PARP.

**Stipulated Protective Order**

ERG and WMATA's Protective Order not only purports to apply to the parties currently part of this litigation but also to any other party later added to the litigation. *See* Protective Order § 4(f). The Protective Order, while it allows ERG and WMATA personnel to view the protected documents in order to assist with the prosecution of the litigation, *see* Protective Order §§ 4(a)-(b), prohibits the disclosure to inside counsel or personnel of any party later added without the prior approval of whomever created the documents sought to be disclosed, *see* Protective Order §§ 4(e)-(f).

As Cubic has previously stated:

> [W]hile Cubic agrees that a protective order is probably appropriate to protect the integrity of this action it does not agree that none of its employees may be included within this protective order. Cubic would seek for the Court to include not only Cubic's outside counsel and its clerical assistants, and court personnel within scope of who may review these documents but also inside counsel of Cubic. The protective order could limit disclosure to two Cubic employees so that they may assist outside counsel and be involved in any tactical decisions necessary to the litigation.

Reply Mem. at 13. Thus, Cubic objects to the Protective Order as it attempts to bind parties not yet part of the litigation and is overly broad in its breadth. If Cubic is allowed to intervene it would seek to have at least two Cubic employees included within the scope of who may view documents pertinent to this litigation without first having to seek ERG or WMATA's approval to share the documents with them.

Respectfully submitted,

-5-

Dated:  January 15, 2008                         WILEY REIN LLP


                                                /s/
                                   Rodney H. Glover
                                   Bar No. 387257
                                   1776 K Street, N.W.
                                   Washington, DC  20006
                                   Telephone:  (202) 719-7000
                                   Facsimile:  (202) 719-7049
                                   Email: rglover@wileyrein.com

Case 1:07-cv-01924-RMC   Document 11   Filed 01/15/2008   Page 5 of 6

## CERTIFICATE OF SERVICE

      I hereby certify that on this 15th day of January, 2008 a copy of the foregoing document was served electronically upon the following:

      Benjamin J. Lambiotte, Esq.
      Matthew C. Hoyer, Esq.
      Robert A.W. Boraks, Esq.
      GARVEY SCHUBERT BARER
      1000 Potomac Street, NW
      Fifth Floor
      Washington, DC  20007
      Telephone: (202) 965-7880
      Email: blambiotte@gsblaw.com

      Phillip T. Staub, Esq.
      Washington Metropolitan Transit Authority
      600 5th Street, N.W.
      Washington, DC  20007
      Telephone: (202) 962-2555
      Email: pstaub@wmata.com


                /s/
              Rodney H. Glover

12764801.3