UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ERG TRANSIT SYSTEMS (USA), INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 07-1924 (RMC) |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | ) ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

ERG Transit Systems (USA), Inc. ("ERG") sues the Washington Metropolitan Area Transit Authority ("WMATA") to prevent WMATA from releasing certain ERG records to its competitor, Cubic Transportation Systems, Inc. ("Cubic"), under WMATA's Public Access to Records Policy ("PARP"), which is substantially similar to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*  Cubic moves to intervene. *See* Dkt. # 6.  ERG opposes intervention, mostly because it fears release of the relevant records to Cubic in the course of litigation.  *See* Dkt. # 8.

The Court will allow Cubic to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a).  *See Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986) (allowing intervention when representation of applicant's interest "may be inadequate") (internal quotes omitted).  Should a decision issue that bars WMATA from releasing ERG records to Cubic, WMATA may not have an incentive to appeal.  To protect Cubic's rights in that regard, as well as to hear Cubic's arguments at this level, the Court finds that intervention is appropriate.

However, Cubic has no right to ERG's documents that are in WMATA's possession

until and unless the Court decides that WMATA can release them. The documents themselves are irrelevant to this suit since this amounts to a reverse-FOIA action. If the Court needs to review some or all of the relevant documents, it will order WMATA to submit them under seal. It would be anomalous to allow Cubic to intervene in a legal dispute between ERG and WMATA and then also allow it to moot the lawsuit. Thus, the Court will enter a protective order to prevent any Cubic representative, including outside counsel, from obtaining or reviewing the relevant documents and will direct ERG to submit a proposed order after conferring with WMATA and Cubic.

Finally, Cubic opposes the briefing schedule proposed by WMATA and ERG. It wants this case resolved at a more speedy pace. Again, it would be anomalous to allow an Intervenor to hijack a lawsuit from the original and more direct parties in interest. The Court will adopt the schedule proposed by WMATA and ERG. *See* Dkt. # 10. Therefore, it is

**ORDERED** that Cubic's Motion to Intervene [Dkt. # 6] is **GRANTED**; and it is

**FURTHER ORDERED** that ERG is ordered to confer with WMATA and Cubic and to submit a joint proposed protective order to this Court by no later than February 1, 2008; and it is

**FURTHER ORDERED** that the Court **ADOPTS** the following briefing schedule:

1. Dispositive motions shall be filed by May 30, 2008;

2. Oppositions shall be filed by July 3, 2008; and

3. Replies may be filed by July 31, 2008.

**SO ORDERED**.

Date: January 17, 2008                             /s/
                                    ROSEMARY M. COLLYER
                                    United States District Judge