IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERG TRANSIT SYSTEMS (USA), INC., <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, <br><br> Defendant. <br><br> and <br><br> CUBIC TRANSPORTATION SYSTEMS, INC., <br><br> A Delaware Corporation, <br><br> 5650 Kearny Mesa Road <br> San Diego, CA 92111 <br><br> Intervenor/Defendant. | Case: 1:07-cv-01924 <br> Assigned To: Collyer, Rosemary M. <br> Assign. Date: 10/25/2007 <br> Description: FOIA/Privacy Act |

## PROPOSED ANSWER

Intevenor/Defendant Cubic Transportation Systems, Inc. ("Cubic"), by and through its counsel, hereby answers the Complaint filed in this action by Plaintiff ERG Transit Systems (USA), Inc. as follows:

### INTRODUCTION AND NATURE OF ACTION

Cubic admits that the Complaint purports to seek declaratory and equitable relief to prevent the Washington Metro Area Transit Authority ("WMATA") from disclosing to Cubic documents sought by Cubic under WMATA's Public Access to Records Policy ("PARP"). Cubic denies the remainder of the allegations in the paragraph headed "Introduction and Nature of Action."

1:07-cv-01924RMC

## PARTIES

1. Defendant Cubic Transportation Systems, Inc. is a corporation organized and existing under the laws of California, having its principal place of business in San Diego, California.

2. Cubic's parent company is Cubic Corporation, a corporation organized and existing under the laws of Delaware, having its principal place of business in San Diego, California.

3. Cubic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies same.

4. Cubic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies same.

5. Cubic admits Paragraph 3.

## JURISDICTION AND VENUE

6. With regard to the allegations in Paragraph 4, Cubic admits that this Court has subject matter jurisdiction over this action. The remainder of Paragraph 4 states a legal conclusion for which no response is required.

7. Insofar as Paragraph 5 states a legal conclusion, no response is required. Cubic is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and therefore denies same.

8. Cubic admits Paragraph 6 insofar as WMATA's PARP provides that actions to enforce it may be brought in this Court. However, the PARP should be read as a whole and speaks for itself. The remaining allegations of Paragraph 6 are denied.

9. Cubic admits Paragraph 7 insofar as WMATA's PARP provides that it will be interpreted and applied consistent with federal FOIA law and practice. However, the PARP should be read as a whole and speaks for itself. The remaining allegations of Paragraph 7 are denied.

10. Cubic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies same.

11. Insofar as Paragraph 5 states a legal conclusion, no response is required. Cubic is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and therefore denies same.

12. Cubic admits Paragraph 10.

## FACTUAL BACKGROUND

13. Cubic admits Paragraph 11.

14. Cubic admits Paragraph 12.

15. With regard to the allegations in Paragraph 13, Cubic admits that a "smart card," as employed by WMATA, is a layered plastic card in which is embedded a microprocessor, and a radio frequency receiver. Cubic also admits that upon being contacted by a radio transmission device, the card can communicate with the transmission source, and perform data storage and mathematical manipulation, including retrieval and modification of the data stored on the memory of the card. Cubic is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and therefore denies same.

16.   With regard to the allegations in Paragraph 14, Cubic admits that WMATA issued a Request for Proposal ("RFP") for procurement of a state of the art automatic fare collection system in 2001. The remaining allegations of Paragraph 14 are denied.

17.   Cubic admits Paragraph 15.

18.   With regard to the allegations in Paragraph 16, Cubic admits WMATA issued amendments to the RFP. Cubic is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and therefore denies same.

19.   With regard to the allegations in Paragraph 17, Cubic admits that it submitted bids in response to the RFP. Cubic also admits that both Cubic and ERG received contracts under the RFP. Cubic denies the remaining allegations in Paragraph 17.

20.   Cubic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies same.

21.   Cubic admits Paragraph 19.

22.   Cubic is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding ERG's "repeated warnings to WMATA" in Paragraph 20 and therefore denies same. Cubic denies the remaining allegations in Paragraph 20.

23.   Upon information and belief Cubic believes ERG filed a request for equitable adjustment ("REA"). Cubic is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and therefore denies same.

24.   Cubic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies same.

25. Upon information and belief Cubic believes that some of ERG's REA claims were settled by a December 21, 2006 contract modification. Cubic is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and therefore denies same.

26. Cubic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies same.

27. Insofar as Paragraph 25 states a legal conclusion, no response is required. To the extent the allegations of this paragraph of the Complaint site or refer to portions of the PARP it speaks for itself and must be read as a whole. Cubic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies same.

28. Insofar as Paragraph 26 states a legal conclusion, no response is required. To the extent the allegations of this paragraph of the Complaint site or refer to portions of the PARP it speaks for itself and must be read as a whole. Cubic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies same.

29. Insofar as Paragraph 27 states a legal conclusion, no response is required. To the extent the allegations of this paragraph of the Complaint site or refer to portions of the PARP it speaks for itself and must be read as a whole. Cubic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies same.

30. Insofar as Paragraph 28 states a legal conclusion, no response is required. To the extent the allegations of this paragraph of the Complaint site or refer to portions of the PARP it speaks for itself and must be read as a whole. Cubic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies same.

31. Insofar as Paragraph 29 states a legal conclusion, no response is required. To the extent the allegations of this paragraph of the Complaint site or refer to portions of the PARP it speaks for itself and must be read as a whole. Cubic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies same.

32. Insofar as Paragraph 30 states a legal conclusion, no response is required. To the extent the allegations of this paragraph of the Complaint site or refer to portions of the PARP it speaks for itself and must be read as a whole. Cubic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies same.

33. Insofar as Paragraph 31 states a legal conclusion, no response is required. To the extent the allegations of this paragraph of the Complaint site or refer to portions of the PARP it speaks for itself and must be read as a whole. Cubic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies same.

34. Insofar as Paragraph 32 states a legal conclusion, no response is required. Cubic is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and therefore denies same.

35. Cubic admits Paragraph 33.

36. With regard to the allegations of Paragraph 34, Cubic is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

37. With regard to the allegations of Paragraph 35, Cubic is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

38. With regard to the allegations of Paragraph 36, Cubic is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

39. With regard to the allegations of Paragraph 37, Cubic is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

40. Insofar as Paragraph 38 states a legal conclusion, no response is required. Cubic is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 and therefore denies same.

41. Cubic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore denies same.

42. Insofar as Paragraph 40 states a legal conclusion, no response is required. Cubic is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 and therefore denies same.

43. Insofar as Paragraph 41 states a legal conclusion, no response is required. Cubic is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 and therefore denies same.

44.  Insofar as Paragraph 42 states a legal conclusion, no response is required. Cubic is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 and therefore denies same.

45.  Cubic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies same.

46.  Insofar as Paragraph 44 states a legal conclusion, no response is required. Cubic is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 and therefore denies same

47.  Insofar as Paragraph 45 states a legal conclusion, no response is required. Cubic is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 and therefore denies same

48.  Insofar as Paragraph 46 states a legal conclusion, no response is required. Cubic is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 and therefore denies same.

49.  Insofar as Paragraph 47 states a legal conclusion, no response is required. Cubic denies the remaining allegations in Paragraph 47 and affirmatively asserts that it has not "interfered" with ERG's performance to ERG's "competitive disadvantage".

50.  Cubic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies same.

51.  Insofar as Paragraph 49 states a legal conclusion, no response is required. Cubic is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 and therefore denies same.

52. Insofar as Paragraph 50 states a legal conclusion, no response is required. Cubic is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 and therefore denies same.

53. Insofar as Paragraph 51 states a legal conclusion, no response is required. Cubic is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 and therefore denies same.

54. Insofar as Paragraph 52 states a legal conclusion, no response is required. Cubic is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52 and therefore denies same.

55. Any allegation not admitted or denied above is denied.

## REQUESTED RELIEF

All of Plaintiff's prayers for relief should be denied.

## AFFIRMATIVE DEFENSE ONE

The Complaint fails to state a claim upon which relief may be granted.

Cubic reserves the right to rely upon any additional defenses, including affirmative defenses, to this action that become known to it during the course of discovery or at trial.

WHEREFORE, CUBIC denies that ERG is entitled to the requested relief and respectfully requests:

    A.    That the Court find that the documents requested by Cubic and deemed disclosable under the PARP by WMATA should be released to Cubic forthwith and,

B.   Find that WMATA's October 11, 2007, decision to release the requested documents was not arbitrary, capricious, an abuse of discretion, contrary to law or in excess of WMATA's authority.

Dated:  December 3, 2007

WILEY REIN LLP

/s/ Rodney H. Glover

Rodney H. Glover
Bar No. 387257
1776 K Street, N.W.
Washington, DC  20006
Telephone:  (202) 719-7381
Facsimile:  (202) 974-1426
Email: rglover@wileyrein.com

CERTIFICATE OF SERVICE

      I hereby certify that on this 3rd day of December, 2007 a copy of the foregoing document was served electronically and by first class mail upon the following:

      Benjamin J. Lambiotte, Esq.
      Matthew C. Hoyer, Esq.
      Robert A.W. Boraks, Esq.
      GARVEY SCHUBERT BARER
      1000 Potomac Street, NW
      Fifth Floor
      Washington, DC 20007
      Telephone: (202) 965-7880
      Fax: (202) 965-1729
      Email: blambiotte@gsblaw.com

      Phillip T. Staub, Esq.
      Washington Metropolitan Transit Authority
      600 5th Street, N.W.
      Washington, DC 20007
      Telephone: (202) 962-2555
      Email: pstaub@wmata.com

                                          /s/ Rodney H. Glover
                                          Rodney H. Glover