IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERG TRANSIT SYSTEMS (USA), INC., <br><br> *Plaintiff*, <br><br> v. <br><br> WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, <br><br> *Defendant*, <br><br> and <br><br> CUBIC TRANSPORTATION SYSTEMS, INC., <br><br> *Intervenor*. | Case No. 1:07-cv-01924 |

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and by Order of this Court dated January 17, 2008, the parties subscribing below by their counsels, hereby stipulate jointly to the entry of, and this Court hereby enters, the following Protective Order ("Order") limiting access to and the disclosure of certain records and information, and directing that the parties and their counsel be bound by the restrictions of this Order limiting access to and use of such records and information as hereinafter provided.

IT IS HEREBY ORDERED THAT:

1.  *Scope*

This Order shall apply to any documents and information contained therein submitted to Defendant Washington Metropolitan Transit Authority ("WMATA") by Plaintiff ERG

Transit Systems, Inc. ("ERG"), previously designated by WMATA pursuant to its Public Access to Records Policy ("PARP") as responsive to the request by Intervenor Cubic Transportation Systems, Inc. ("Cubic"), which ERG seeks, by this action, to protect from public release or disclosure pursuant to the PARP (such records and information shall be referred to, hereinafter, as "Protected Information"), provided that documents or information released to the public prior to the commencement of this action shall not be treated as Protected Information within the scope of this Order.. Parties and counsel in possession or coming into possession of any Protected Information shall treat it as confidential and shall not afford access to any other person or entity, or use or disclose such Protected Information except as provided, for the purposes, and in the manner, set forth in this Order.

**PROVIDED**, however, that, if and to the extent that ERG and WAMTA, after good faith negotiations, agree expressly in writing that any records designated for disclosure by WMATA are not subject to a PARP exemption, and thus not part of the subject matter of this action, and may be released, then such particular records shall cease to be Protected Information subject to and within the protection of this Order, and shall be released by WMATA forthwith, without further motion by a party or order of this Court.

2. *Restrictions on Access, Use and Disclosure*

   A. *Filing Protected Information Under Seal* -- Should a party or the Court deem it necessary to the determination of the issues in the case that any records, documents or materials constituting, containing or reflecting, in whole or in part, the contents of Protected Information be filed with or examined by the Court, then, without the necessity of a further motion or Order by the Court, all such records, documents or materials shall be packaged, marked and filed as documents subject to an existing order that they be filed under seal, in accordance with Rule 5.1(j) of

the Rules of the United States District Court for the District of Columbia. This Order shall constitute such an order. No person other than those particular counsel of record in this case authorized expressly to have such access may have access to any sealed document from the files of the Court without a further Order of the Court. Any document filed under seal may be opened and used by the presiding Judge, law clerks and other Court personnel without further Order of the Court. Each document filed under seal may be returned to the party which filed it (1) if no appeal is taken, within ninety days after a final judgment is rendered or (2) within thirty days after the mandate of the last reviewing court which disposes of this litigation in its entirety is filed ("the final resolution of this litigation"). If the party which filed a sealed document fails to remove the document within the appropriate time frame, then, ~~after notice from the Clerk of Court~~, the document shall be destroyed by the Clerk.

  **B.** *Access to and Disclosure of Protected Information* Access to and disclosure of Protected Information subject to this Order shall be limited to:

  (i) in the case of WMATA, its Associate General Counsels of record in this case for WMATA (including other associates of such counsel who are actually engaged in assisting such Associate General Counsels in this litigation), as well as WMATA personnel who are actually engaged in assisting such counsel in this litigation, subject to the provisions of subsection (vii);

  (ii) in the case of ERG, outside counsel of record in this case for ERG (including members or associates of such counsels' firm who are actually engaged in assisting such outside counsel), such counsel's paralegal, secretarial and clerical personnel who are actually engaged in assisting such counsel in this litigation. Disclosure of Protected Information may also be made to ERG inside counsel, and ERG personnel who are actually engaged in assisting outside counsel in this litigation.

  (iii) outside photocopying, data processing or graphic production services utilized by

counsel authorized to access and use Protected Information to assist in this litigation;

(iv) this Court, Court personnel, United States Magistrate Judges, Court-appointed Special Masters, mediators, and referees, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation; and

(v) any other person to whom ERG and WMATA expressly agree in a writing particularly identifying such information, subject to the provisions of subsection (vii).

(vi) Notwithstanding any other provision hereof, until such time as particular Protected Information is released pursuant to the agreement of ERG and WMATA pursuant to Section 1 hereof, or the final resolution of this litigation resulting in a non-appealable order declaring that the information or documents may be disclosed publicly, in no event shall Protected Information be disclosed to any outside counsel, inside counsel, officer, agent, employee, representative, consultant or contractor (whether or not such person is a witness or potential witness in this action), of Intervenor Cubic Transportation Systems, Inc., whose PARP request is the subject of this action.

(vii) Protected Information shall be disclosed to WMATA non-legal personnel under subparagraph (i) and to other persons under subparagraph (v) only where counsel authorized to access and use Protected Information seeking disclosure to such persons in good faith determines that such disclosure is necessary and appropriate for the effective prosecution or defense of the litigation, and only after such person has executed a Certification in substantially the form attached hereto as Exhibit A. The originals of such Certifications shall be maintained by counsel until the final resolution of this litigation. Upon a showing of good cause to the Court, copies of all executed Agreements shall be provided to counsel for the parties. The prohibitions in this Section 2(B) include either direct or indirect disclosure or discussion, including, but not limited to, any disclosure by counsel.

3. *Use of Protected Information* Protected Information shall be used only by persons authorized to access it solely for the purpose of conducting this litigation and in accordance with the provisions of this Order, and shall in no event be used for any business, competitive, personal, private, public or other purpose.

4. *Preservation of Rights and Privileges.* Nothing contained in this Order shall affect the right, if any, of any party or witness to make any objection, claim, or other response, concerning any Protected Information. Nor shall this Order be construed as a waiver by any party of any legally cognizable privilege to withhold Protected Information, or of any right which any party may have to assert such privilege at any stage of this litigation. A party's stipulation to and/or compliance with the terms of this Order shall not operate as an admission, or waiver of any objection, claim or response, regarding the designation of any document or information as Protected Information, or the confidentiality, admissibility, or privileged nature of any particular document or information. Nothing in this Order shall be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

5. *Freedom to Advise Clients.* Nothing in this Order shall bar or otherwise prevent any attorney authorized under this Order to access and use Protected Information from rendering advice to his or her client with respect to this litigation and, in the course of rendering such advice, from relying upon his or her examination or knowledge of Protected Information; provided however, that in rendering such advice and in otherwise communicating with his or her client, such attorney shall not disclose the substance, contents or source of any Protected Information to any person who is not authorized to receive such information under the provisions of this Order.

6. *Retention of Work Product.* Within thirty (30) days after the final resolution of this litigation, all those materials which contain or reflect Protected Information, but which constitute or

reflect counsel's work product, counsel of record authorized to access and use Protected Information shall be entitled to retain work product in their files in accordance with the provisions of this Order, so long as it is clearly marked to reflect that it contains information subject to this Protective Order. Counsel authorized to access and use Protected Information retaining court reporters shall have the responsibility for ensuring their compliance with this paragraph and shall notify counsel for the other parties when compliance is complete.

7. ***Inadvertent or Unintentional Disclosure***. The inadvertent or unintentional disclosure by counsel authorized to access and use Protected Information (an "Inadvertently Produced Protected Document"), shall not be deemed a waiver in whole or in part of ERG's claim to a Protected Information designation, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Upon learning of an inadvertent or unintentional disclosure of an Inadvertently Produced Protected Document, counsel for the disclosing or receiving party shall notify other counsel authorized to access and use Protected Information, identifying particularly the Protected Information so disclosed or received. Such Protected Information shall, notwithstanding such inadvertent or unintentional disclosure, be treated in accordance with the provisions of this Order.

8. ***Process Seeking Protected Information*** Any party or person in possession of Protected Information who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) issued in any proceeding other than this action, which subpoena seeks production or other disclosure of such Protected Information shall promptly give written notice by facsimile or electronic mail to counsel for all the parties hereto identifying the materials sought and enclosing a copy of the subpoena or other process. The party or person receiving the subpoena shall also inform

the person seeking the Protected Information that such information or document is either confidential or protected work product, subject to Protective Order and may not be disclosed without either the consent of ERG and WMATA, or by court order. The person subject to the subpoena or other process shall not produce or disclose the requested information until ordered to do so by a court of competent jurisdiction or obtaining the requisite consent as described in this Order.

9.  ***Obligations on Termination of Action*** Upon the final resolution of this litigation, the provisions of this Order shall continue to be binding, except to the extent that the ERG and WMATA agree in writing as provided in Section 1, or the Court declares that all or part of the information and/or documents which ERG seeks to protect by this action may be publicly disclosed by WMATA. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation.

This Order shall remain in force and effect until modified, superseded, or terminated by further Order of the Court ~~made upon written motion on notice to all parties~~.

**ON THIS, the 1st day of February, 2008, IT IS SO STIPULATED BY:**

| PLAINTIFF | DEFENDANT |
|---|---|
| ERG TRANSIT SYSTEMS (USA), INC. | WASHINGTON METROPOLITAN TRANSIT AUTH. |
| By its attorneys: | By: its counsel: |
| Benjamin J. Lambiotte /s/ | Philip T. Staub /s/ |
| Benjamin J. Lambiotte | Philip T. Staub |
| D.C. Bar No. 421288 | D.C. Bar No. 442013 |
| blambiotte@gsblaw.com | pstaub@wmata.com |
| Matthew C. Hoyer | Bruce P. Heppen |
| D.C. Bar. No. 975544 | D.C. Bar. No. 252171 |
| Robert A.W. Boraks | WMATA Associate General Counsels |
| D.C. Bar No.    72132 | 600 Fifth Street, N.W. |
| **GARVEY SCHUBERT BARER** | Washington, D.C. 20001 |
| 1000 Potomac Street, Fifth Floor | (202) 962-2555 |
| Washington, D.C. 20007 | |
| (202) 965-7880 | |

INTERVENOR
CUBIC TRANSPORTATION SYSTEMS

By its attorney:

Rodney N. Glover /s/
Rodney H. Glover
D.C. Bar. No. 387257
rglover@wileyrein.com
**WILEY REIN LLP**
1776 K Street, N.W.
Washington, D.C.
(202) 719-7000

  AND, ON THIS, the \_\_\_\_4th\_\_\_\_ day of February, 2008, IT IS HEREBY SO ORDERED:

_____
Rosemary M. Collyer
United States District Judge

*as modified*

## EXHIBIT A

## FORM OF CERTIFICATION

1.  My name is _____. I am employed as (state position) _____ by (state name and address of employer) _____.

2.  I have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of this Order, and agree to comply with and to be bound by its provisions.

3.  I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of _____ 2008.

By: _____.