**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ERG TRANSIT SYSTEM (USA), INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.1:07-CV-01924 |
| | ) | Judge Rosemary M. Collyer |
| WASHINGTON METROPOLITAN AREA | ) | Next Scheduled Event: 5/30/08 |
| TRANSIT AUTHORITY | ) | Dispositive Motions |
| | ) | |
| Defendant | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CUBIC TRANSPORTATION SYSTEMS, | ) | |
| INC. | ) | |
| | ) | |
| Intervenor. | ) | |

## WMATA's ANSWER TO AMENDED COMPLAINT

Comes now Defendant, Washington Metropolitan Area Transit Authority

("WMATA"), by and through counsel, and answers Plaintiff's Amended Complaint

and sets forth defenses and responses to the allegations as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

All or part of the Complaint is barred by Plaintiff's failure to exhaust its

administrative remedies.

WMATA reserves the right to rely upon any additional defenses, including

affirmative defenses, to this action that become known to it during the course of

discovery or at trial.

## ANSWER

WMATA responds to the allegations in the Complaint, in like numbered paragraphs, as follows:

### Introduction and Nature of Action

Plaintiff did not present any allegations in numbered paragraphs in this section, which thus does not appear to be part of its formal Complaint and requires no answer.  To the extent, however, that an answer is required WMATA admits that it promulgated an amended Public Access to Records ("PARP") policy in 2005, which, although it should be read as a whole and speaks for itself, provides in part that:

> WMATA will interpret and apply this Policy consistent with the federal Freedom of Information Act (FOIA), 5 U.S.C. § 552, and federal practice, including when determining whether to waive exemptions.

PARP, § 1.0 at p. 1.  WMATA's PARP further provides in part for procedures for information that may be exempt under PARP 6.1.4, which has its analog in FOIA exemption 4, 5 U.S.C. § 552(b)(4.  WMATA is without sufficient information to admit or deny what ERG seeks via its Complaint.  Denied as to all other allegations in this section of the Complaint.

### Parties

2

1.     Admitted upon information and belief.

2.     WMATA is without sufficient information to admit or deny the allegations in this paragraph.

3.     Admitted.


Jurisdiction and Venue

4.     Admitted that this Court has subject matter jurisdiction over this action.

5.     Admitted.

6.     Admitted that WMATA's PARP provides that actions to enforce it may be brought in this Court.  However, the PARP should be read as a whole and speaks for itself.

7.     Admitted that WMATA's PARP provides that it will be interpreted and applied consistent with federal FOIA law and practice.  However, the PARP should be read as a whole and speaks for itself.

8.     Admitted that ERG seeks declaration and enforcement of what it asserts to be its rights under the PARP.  WMATA is without sufficient information to admit or deny what ERG seeks via its Complaint and denies all other allegations in this paragraph.

9.     Denied.

10.     Admitted.

Factual Background

11.     Admitted.

12.     Admitted that Cubic is a competitor of ERG, and offers some similar products and/or services as ERG.  WMATA is without sufficient information to admit or deny all other allegations in this paragraph.

13.     Admitted that a "smart card," as employed by WMATA, is a layered plastic card in which is embedded a microprocessor and a radio frequency receiver.  Admitted that upon being contacted by a radio transmission device, the card can communicate with the transmission source, and perform data storage and mathematical manipulation, including retrieval and modification of the data stored on the memory of the card.  Denied as to all other allegations in this paragraph.

14.     WMATA admits that it issued a Request-for-Proposals entitled "Contract C05034, SmarTrip® Regional Customer Service Center," in 2001 (the "RFP").  Denied as to all other allegations in this paragraph.

15.     Admitted.

16.     Admitted that WMATA issued eight amendments to the RFP. Denied as to all other allegations in this paragraph.

17.     Admitted that Cubic was a member of teams that submitted bids in response to the RFP.  Admitted that amendments to the RFP removed a portion of the scope-of-work, which was subsequently awarded to Cubic.  Denied as to all other allegations in this paragraph.

18.    Admitted that ERG's contract with WMATA has an initial term of five years (one year startup "design/build" phase and four year "operation and maintenance" phase), with options for WMATA to renew for two separate one-year periods. Admitted that the initial term is set to expire in July 2008, unless ERG's period of performance is extended.   WMATA is without sufficient information to admit or deny all other allegations in this paragraph.

19.     WMATA is without sufficient information to admit or deny the allegations in this paragraph.

20.    Admitted that there have been delays to the work associated with Contract C05034.  Admitted that there have been modifications to Contract C05034.  Denied as to all other allegations in this paragraph.

21.    The terms "administration issues" and "cooperative negotiations" are too vague and ambiguous for WMATA to admit or deny.  To the extent that an answer is required, however, WMATA admits it has conducted negotiations with ERG related to Contract C05034, and that ERG submitted an "Initial Request for Equitable Adjustment" in February 2006 (the "REA") and subsequently submitted revisions to the REA.  WMATA is without sufficient information to admit or deny all other allegations in this paragraph.

22.    Admitted that every page of ERG's February 24, 2006 REA is marked with the word "confidential," but not every page of its revisions to that REA is so marked.  WMATA is without sufficient information to admit or deny that ERG deliberately structured the REA to facilitate resolution through

5

confidential negotiations or that the REA provides ERG's confidential perspective. Denied as to all other allegations in this paragraph.

23.    Admitted that pursuant to negotiations between WMATA and ERG, bilateral modification 10 to Contract CO5034, "Settlement of a Variety of Claims," was issued in March 2006, and bilateral modification 12 to Contract CO5034, "Piece 1 Delay, Incremental Costs, Etc.," was issued in December 2006. Denied as to all other allegations in this paragraph.

24.    Admitted.

25.    Admitted that WMATA's PARP states under "Purpose":

WMATA, in the regular course of its business, receives from outside sources and generates, through its employees, significant quantities of records on a variety of topics. Some of the records, if released, could benefit selectively or could cause personal or economic harm to members of the public, other organizations, WMATA employees, or the interest of WMATA. This Policy/Instruction (P/I) establishes policy and procedures on making records available to the public by WMATA's officers, employees, and agents.

PARP, § 2.0 at p. 1. However, the PARP should be read as a whole and speaks for itself.

26.    Admitted that PARP section 6.1.4 mirrors FOIA exemption 4. However, the PARP should be read as a whole and speaks for itself.

27.    Admitted. However, the PARP should be read as whole and speaks for itself.

28.    Admitted that WMATA's PARP states under "Designation of Business Information":

> A Submitter of business information will use good-faith efforts to
> designate, by appropriate marking, either at the time of submission or
> at a reasonable time thereafter, any portions of its submission that it
> considers to be protected from disclosure under section 6.1.4 of this
> Policy.  These designations will expire ten (10) years after the date of
> submission unless the Submitter requests, and provides justification
> for a longer designation period.  Nothing in this provision shall
> override the requirements of the WMATA Procurement Procedures
> Manual where it applies.

PARP, § 7.11.3 at p. 16.  However, the PARP should be read as a whole and speaks for itself.

29.  Admitted that when WMATA's PARP Administrator receives a PARP request that seeks a Submitter's business information, and the information has been designated by the Submitter in good faith as information considered to be protected from disclosure under section 6.1.4, or when WMATA has reason to believe that the information may be protected from disclosure under subsection 6.1.4, then WMATA is generally required—though there are exceptions to this requirement— to provide the Submitter with prompt written notice of such a request, and to give the Submitter an opportunity to provide a detailed written statement specifying all grounds for withholding any portion of the information under any exemption in PARP section 6.1 and, in the case of subsection 6.1.4, the Submitter must explain why the information is a trade secret or commercial or financial information that is privileged or confidential.  However, the PARP should be read as a whole and speaks for itself.  Denied as to all other allegations in this paragraph.

30.    Admitted that WMATA's PARP states under Notice of Intent to

Disclose":

> The PARP Administrator shall consider a Submitter's objections and
> specific grounds for nondisclosure in deciding whether to disclose
> business information.  Whenever the PARP Administrator decides to
> disclose business information over the objection of the Submitter, the
> PARP Administrator shall give the Submitter written notice, return
> receipt requested, which shall include:
> (a) a statement of the reason(s) why each of the Submitter's disclosure
> objections was not sustained;
> (b) a description of the business information to be disclosed; and
> (c) a specific disclosure date, which shall be no earlier than ten (10)
> working days after the Submitter receives the written notice under
> this subsection.

PARP, § 7.11.7 at pp. 17-18.  Furthermore, PARP section 7.11.8 provides

exceptions to the notice requirements of section 7.11.7.  However, the PARP

should be read as a whole and speaks for itself.

31.    Admitted.

32.    Admitted that ERG is a Submitter of business information at issue in

this case and within the meaning of PARP section 7.11.  Denied as to all other

allegations in this paragraph.

33.    Admitted that by letter of May 2, 2007, Cubic requested WMATA to

release these records relating to specific change proposals and modifications to

contract C05034 as well as "any and all other claims submitted by ERG and any

contract adjustments/contract modification made by WMATA" to contract

C05034.  Denied as to all other allegations in this paragraph.

34.    Admitted that on August 15, 2007, WMATA sent ERG a letter by

overnight delivery, which stated:

Per my voicemail message on August 15, 2007, this provides notice
that the records in the possession of the Washington Metropolitan
Area Transit Authority (WMATA) regarding [Contract C05034] are
subject to a request for disclosure pursuant to the Public Access to
Records Policy (PARP).  This also requests that you claim any
objections to release of the records as soon as possible and certainly
no later than August 30, 2007.

The PARP includes certain exemptions from disclosure, such as an
exemption for proprietary data, trade secrets, and confidential
commercial and financial information.  Accordingly, please review the
enclosed records, which consists of records relating to claims,
requests for equitable adjustments, negotiated settlement agreements
and dispositions regarding contract #C05034.

If  you consider any portion of the enclosed records proprietary or
confidential, identify it (preferably by highlighting the information) and
explain why.  Where WMATA required you to submit the information,
it is confidential if disclosure is likely to cause substantial harm to
your competitive position.  If, on the other hand, you  voluntarily
submitted the information to us (the submission was not required as
part of doing business with WMATA) the information is confidential if
it is the type of information that you do not generally disclose to the
public.  Where you make such claims, you must provide a detailed
explanation of your position.

WMATA will give full consideration to your identification of
proprietary data, but will ultimately determine whether redaction or
non-disclosure is warranted.  In accordance with the PARP, a
submitter is afforded ten (10) business days to provide a response,
which in your case is August 30, 2007.  If I do not receive your
response by August 30, I will assume that you do not have any
objections to disclosure and the enclosed records will be released in
their entirety without redactions on August 31, 2007.

Admitted that the referenced request was Cubic's request of May 2, 2007.

Admitted that ERG received this letter on or about August 15.  Denied as to all

other allegations in this paragraph.

     35.    Admitted.

36.    Admitted that on October 11, 2007, WMATA sent ERG a notice providing the reasons why each of ERG's disclosure objections were either sustained or not sustained, a description of the business information to be disclosed and a specific disclosure date.  Denied as to all other allegations in this paragraph.

37.    Admitted that WMATA's October 11, 2007 notice to ERG stated that "The records were either developed by the parties or required by WMATA, in either case an involuntary submission in FOIA parlance," and further explained the substantial competitive harm standard.  Admitted that WMATA's October 11, 2007 notice to ERG also explained that additional records had been located and requested that ERG provide any objections to those records by October 26, 2007, the same day that WMATA intended to release other records.  Denied as to all other allegations in this paragraph.

38.    Admitted that ERG has objections to disclosure of certain of the records in the "second wave" and has so responded to WMATA.  Denied as to all other allegations in this paragraph.

39.    Admitted that ERG counsel contacted WMATA counsel, noted that ERG did not agree with WMATA's determinations, and requested WMATA defer disclosure of the "first wave" of documents until ERG could be heard on its objections, if any, to disclosure of the "second wave." Denied as to all other allegations in this paragraph.

40.    Denied.

41.    Admitted to the extent of the characterization of ERG's October 26, 2007 letter and WMATA's January 10, 2008 letter, and that in its January 10, 2008 letter WMATA stated its intention to release a majority of the "second wave" records, some portions of which over ERG's objection.  Denied as to all other allegations in this paragraph.

42.    Denied.

43.    Denied.

44.    Admitted that WMATA decided to withhold the bulk of the REA on the grounds that premature disclosure of the document would compromise WMATA's negotiating position.  Admitted that some but not all REA records are marked confidential.  Admitted that ERG submitted these records in the course of an ongoing business negotiation, portions of which are the subject of continuing settlement negotiations between WMATA and ERG

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

WMATA denies all allegations of the Complaint not specifically admitted.

11

WHEREFORE, Defendant, having fully answered the Complaint prays that the Complaint be dismissed with prejudice.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
   TRANSIT AUTHORITY

Carol B. O'Keeffe, #445277
General Counsel

/s/ Phillip T. Staub
Phillip T. Staub,  # 442013
Bruce P. Heppen, # 252171
WMATA Associate General Counsels
600 Fifth Street, NW
Washington, D.C.  20001
(202) 962-2555
pstaub@wmata.com