IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERG TRANSIT SYSTEMS (USA), INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WASHINGTON METROPOLITAN )<br>AREA TRANSIT AUTHORITY, )<br>)<br>Defendant, )<br>)<br>and )<br>)<br>CUBIC TRANSPORTATION SYSTEMS, INC., )<br>)<br>Intervenor/Defendant. )<br>) | Case:  1:07-cv-01924 |

**INTERVENOR/DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Intervenor/Defendant hereby moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure because there is no genuine issue as to any material fact and Intervenor/Defendant is entitled to a judgment as a matter of law.

In support of this motion, Intervenor/Defendant respectfully submits the attached memorandum of points and authorities, a statement of material facts not in genuine dispute, and a proposed order.

Dated:  May 30, 2008                WILEY REIN LLP


                                                      /s/
                                    Rodney H. Glover
                                    Bar No. 387257
                                    1776 K Street, N.W.
                                    Washington, DC  20006
                                    Telephone:  (202) 719-7381

1:07-cv-01924RMC

                Facsimile:  (202) 974-1426
                Email: rglover@wileyrein.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 30th day of May, 2008 a copy of the foregoing document was served electronically upon the following:

     Benjamin J. Lambiotte, Esq.
     Matthew C. Hoyer, Esq.
     Robert A.W. Boraks, Esq.
     GARVEY SCHUBERT BARER
     1000 Potomac Street, NW
     Fifth Floor
     Washington, DC 20007
     Telephone: (202) 965-7880
     Fax: (202) 965-1729
     Email: blambiotte@gsblaw.com

     Phillip T. Staub, Esq.
     Bruce P. Heppen, Esq.
     Washington Metropolitan Transit Authority
     600 5th Street, N.W.
     Washington, DC 20007
     Telephone: (202) 962-2555
     Email: pstaub@wmata.com


                                    /s/
                                  Rodney H. Glover

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERG TRANSIT SYSTEMS (USA), INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WASHINGTON METROPOLITAN ) <br> AREA TRANSIT AUTHORITY, ) <br> ) <br> Defendant, ) <br> ) <br> and ) <br> ) <br> CUBIC TRANSPORTATION SYSTEMS, INC., ) <br> ) <br> Intervenor/Defendant. ) | Case: 1:07-cv-01924 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
INTERVENOR/DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.
BACKGROUND**

The present action arises from the Washington Metropolitan Area Transportation Authority ("WMATA")'s letters to ERG Transit Systems (USA), Inc. ("ERG") informing ERG of WMATA's intention to disclose certain documents to Cubic Transportation Systems, Inc. ("Cubic") in response to Cubic's May 2, 2007 request for documents under WMATA's Public Access to Records Policy ("PARP").

On May 2, 2007 Cubic submitted a PARP request to WMATA seeking copies of various documents relating to ERG's Request for Equitable Adjustments ("REA")[1] under Contract

---

[1] An REA is a request for equitable adjustment usually in the form of additional monies to be provided for work done under a government contract. *See Gen. Ry. Signal Co. v. Washington Metro. Area Transit Auth.*, 875 F.2d 320, 324-25 (D.C. Cir. 1989) ("The term 'equitable adjustment' is a legal term of art; it signifies a principle designed 'to

CO5034 Regional Customer Service Center ("RCSC").  On August 15, 2007, ERG received a letter from WMATA notifying ERG that certain documents submitted by ERG to WMATA had been deemed responsive to a PARP request and would be released pending objection by ERG. Am. Compl. ¶ 34.[2]  ERG responded to WMATA's letter on August 28, 2007 and August 20, 2007 requesting that certain documents either not be disclosed or redacted.  *Id*. ¶ 35.  On October 11, 2007 WMATA informed ERG of its intention to release certain documents on October 26, 2007 over ERG's objections and of its discovery of more documents it found to be responsive to the PARP request.  *Id*. ¶ 36.  On October 25, 2007 ERG filed this suit to prevent WMATA from disclosing any documents.  ERG then, on October 26, 2007 notified WMATA of its objections to the disclosure of certain documents WMATA had identified in its October 11, 2007 letter as also being responsive.  *Id*. ¶ 41.  On January 10, 2008 WMATA informed ERG of its intention to release certain documents on October 26, 2007 over ERG's objections and of its discovery of more documents it found to be responsive to the PARP request.  *Id*.  Subsequently, on January 24, 2008 ERG amended its Complaint to cover the documents WMATA intended to release on January 28, 2008.

## II.
## STANDARD OF REVIEW

The PARP expressly provides that "WMATA will interpret and apply this Policy consistent with the federal Freedom of Information Act (FOIA), 5 U.S.C. § 552, and federal practice. . . ."  PARP § 1.  "Summary judgment is the routine method for resolving most FOIA

---

keep a contractor whole when the Government modifies a contract.'  The proper measure of the adjustment is 'the difference between what it would have cost to perform the work as originally required and what it cost to perform the work as changed.'") (citations omitted).

[2] Because Cubic's outside counsel has been precluded from reviewing the agency's record, Cubic is forced to rely upon the facts that appear to be undisputed based on ERG's First Amended Complaint and WMATA's corresponding Answer.

actions when there are no material facts genuinely at issue." *Gilda Indus., Inc. v. U.S. Customs & Border Protection Bureau*, 457 F. Supp. 2d 6, 9 (D.D.C. 2006). Such motions are governed by Rule 56 of the Federal Rules of Civil Procedure that provides, in part, that the "judgment sought shall be rendered forthwith if the pleadings . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56. "In FOIA cases, summary judgment may be granted solely on the basis of agency affidavits provided that they are clear, specific and reasonably detailed, and there is no contradictory evidence on the record or evidence of agency bad faith." *W. Ctr. for Journalism v. IRS*, 116 F. Supp. 2d 1, 7 (D.D.C. 2000) (citing *Hayden v. NSA*, 608 F.2d 1381, 1387 (D.C. Cir. 1979)).

"In reverse-FOIA cases, such as this case, the Court reviews the Agency decision under the 'generally applicable standard' contained in the Administrative Procedure Act ("APA") because such cases are deemed informal agency adjudications." *GS New Markets Fund, L.L.C. v. United States Dep't of the Treasury, Cmty. Dev. Fin. Inst. Fund*, 407 F. Supp. 2d 21, 24 (D.D.C. 2005). Under the APA, the generally applicable standard is whether an agency's action was arbitrary or capricious.[3] *See* 5 U.S.C. § 706(2)(A); *Occidental Petroleum Corp. v. SEC*, 873 F.2d 325, 337 (D.C. Cir. 1989) ("Under § 706, a court reviewing an informal agency adjudication must 'hold unlawful and set aside agency action, findings and conclusions found . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'") (citing 5

---

[3] This Circuit has consistently recognized the appropriateness of applying federal law in cases involving WMATA because "[n]ot only does the Compact have its roots in congressionally authorized studies, but 'Congress played a particularly active role' in WMATA's creation." *Beebe v. Washington Metro. Area Transit Auth.*, 129 F.3d 1283, 1288 (D.C. Cir. 1997). In so recognizing, courts within this Circuit have consistently applied the standards in the APA when reviewing acts of WMATA. *See, e.g., Elcon Enters., Inc. v. Washington Metro. Area Transit Auth.*, 977 F.2d 1472, 1480 (D.C. Cir. 1992) ("We therefore assume, for purposes of this case, that WMATA is a federal agency and that its procurement decisions must be reached in accordance with the APA and applicable federal procurement law."); *Monument Realty LLC v. Washington Metro. Area Transit Auth.*, 535 F. Supp. 2d 60, 73-74 (D.D.C. 2008) ("WMATA's procurement decisions must be in accordance with the APA and applicable federal law."). Applying the APA to review WMATA's decision here is particularly appropriate given the PARP's specific statement that WMATA will interpret and apply the PARP consistent with the FOIA, a federal statute. PARP § 1.

U.S.C. 706(2)(A)). Thus, the only issue before the Court is whether WMATA's decision to release the contested documents to Cubic pursuant to its PARP request was "arbitrary, capricious, or an abuse of discretion." *CNA Fin. Corp. v. Donovan*, 830 F.2d 1132, 1155 (D.C. Cir. 1987). "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." *Motor Vehicles Mfrs. Assoc. of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). As such, "courts uphold an agency's decision 'of less than ideal clarity' so long as the reviewing court can 'reasonably discern' the agency's decision-making process from the record." *GS New Markets Fund, L.L.C.*, 407 F. Supp. 2d at 24 (citing *Dickson v. Sec. of Def.*, 68 F.3d 1396, 1404 (D.C. Cir. 1995).

### III.
### ARGUMENT

Cubic's Motion for Summary Judgment should be granted because there appears to be no genuine issues of material fact in dispute and WMATA's decision to release certain documents to Cubic pursuant to its PARP request was neither arbitrary nor capricious.

Generally, under FOIA (and thus the PARP), documents responsive to a request should be produced unless exempted and "exemptions 'must be construed narrowly, in such a way as to provide maximum access consonant with the overall purpose of [FOIA].'" *Sussman v. United States Martial Serv.*, 494 F.3d 1106, 1112 (D.C. Cir. 2007) (quoting *Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C. Cir. 1973)); *see also Chrysler Corp. v. Brown*, 441 U.S. 281, 290 (1979) ("We have, moreover, consistently recognized the basic objection of the [FOIA] is disclosure."). Documents are exempted from disclosure under FOIA exemption 4 (and thus exempted under PARP § 6.1.4) if they contain either trade secrets or commercial or financial information obtained from a person that is either privileged or confidential. 5 U.S.C. § 552(b)(4). "Records are deemed to be 'commercial' as long as the submitter has a 'commercial interest' in them" and

"are considered to be 'obtained from a person' as long as they were submitted by a 'partnership, corporation, association, or public or private organization other than an agency." *Gilda Indus.*, 457 F. Supp. 2d at 9 (citations omitted). As such, the key question in FOIA or reverse-FOIA actions in determining whether exemption 4 precludes disclosure is often whether the records at issue are privileged or confidential.

    1.    There are No Disputes as to Material Facts Regarding the Determinative Issues: Whether ERG's Submission of the Disputed Documents Was Voluntary or Involuntary and Whether Disclosure Would Cause ERG Substantial Harm.

Whether information is privileged or confidential turns in part on whether it was provided to the government voluntarily or under compulsion. If the financial or commercial information was disclosed to the government voluntarily, it will be considered confidential for purposes of exemption 4, if it is the kind of information that would customarily not be released to the public by the person from whom it was obtained. *McDonnell Douglas Corp. v. NASA*, 180 F.3d 303, 304 (D.C. Cir. 1999). On the other hand, commercial or financial information obtained from a person involuntarily

> "is 'confidential' for purposes of the exemption if disclosure [would either] . . . impair the Government's ability to obtain necessary information in the future; or . . . cause substantial harm to the competitive position of the person from whom the information was obtained."

*Canadian Comm. Corp. v. Air Force*, 514 F.3d 37, 39 (D.C. Cir. 2008) (quoting *Nat'l Parks & Conservation Ass'n v. Morton*, 498 F.2d 765, 770 (D.C. Cir. 1974)). "The second element of this test 'has been interpreted to require both a showing of actual competition and a likelihood of substantial competitive injury.'" *Gilda Indus.*, 457 F. Supp. 2d at 9 (quoting *CNA Fin. Corp. v. Donovan*, 830 F.2d 1132, 1152 (D.C. Cir. 1987)).

Here, the determinative substantive issues are whether ERG voluntarily or involuntarily submitted the information and documents WMATA has decided to disclose to Cubic pursuant to

its PARP request and, if ERG involuntarily submitted the information and documents, whether disclosure would cause ERG substantial competitive harm.  *See* Am. Compl. ¶ 42.  None of the facts on the record necessary to answer these questions are in dispute.  The documents in issue, while not available to Cubic, will speak for themselves.  While ERG and WMATA may disagree on the legal import of various provisions in the operative documents there cannot be any genuine issue of material facts.   Therefore, determination by summary judgment is appropriate.

      2.      WMATA's Decision Was Neither Arbitrary nor Capricious and Therefore, Must be Upheld.

ERG's Complaint, the main document Cubic is forced to rely upon in formulating this motion,[4] helps to demonstrate why summary judgment in favor of Cubic and WMATA is appropriate here.  WMATA'S actions cannot be found to have been arbitrary or capricious given the extraordinary efforts to which they went in this case.  WMATA twice notified ERG that it had determined certain records submitted by ERG to be responsive to Cubic's PARP request.  Am. Compl. ¶¶ 34, 37.  In both instances, WMATA provided ERG with an opportunity to respond to WMATA's identification of responsive documents and object to any documents ERG thought should not be disclosed.  *Id*.  After receiving ERG's responses, WMATA decided to continue to produce some of the documents ERG objected to, either in part or in full, after determining that these documents had been involuntarily submitted and that disclosure would not cause ERG substantial competitive harm.  *See* Am. Compl. ¶¶ 37, 41, 42.  WMATA provided ERG a full and fair opportunity to respond to its decision to disclose documents prior to reaching its final determination regarding disclosure to Cubic.  Furthermore, it appears that WMATA

---

[4] As noted earlier, neither Cubic nor its outside counsel are covered by the Court's Protective Order and as such have not been able to review the record.  Cubic's outside counsel's inability to review the record has seriously hampered Cubic's ability to participate meaningfully in this litigation to date.  Cubic's inability to participate fully in this litigation is made worse by the fact that, as this Court recognized in granting Cubic's Motion to Intervene, Cubic's interests are not fully protected by WMATA.

performed a thorough review of each document and articulated a rational basis for withholding parts of the REA. *See* Am. Compl. ¶ 44. As such, based on the facts available to Cubic, WMATA's decision to release certain documents to Cubic was neither arbitrary nor capricious and as such should not be disturbed by this Court.

This case appears analogous to *GS New Markets Fund, L.L.C. v. United States Department of Treasury, Community Development Financial Institutions Fund*, 407 F. Supp. 2d 21 (D.D.C. 2005). In *GS New Markets Fund*, a business brought a reverse-FOIA action attempting to prevent the Community Development Financial Institutions Fund ("CDFIF" or "Agency") from releasing certain documents it had given to the CDFIF. The plaintiff contended that the information was protected from disclosure by FOIA exemption 4:

> Plaintiff argues that the Agency's decision was "arbitrary and capricious" primarily because the Agency only provided an "express explanation" for its decision to redact certain portions of the [documents], but did not provide a justification for the information that it decided to release. Plaintiff also re-argues the merits of whether the information sought in the FOIA request qualifies under exemption 4.

*Id*. at 25 (citation omitted). The court rejected both arguments and found that "the record before the Court demonstrates that the Agency carefully considered the nature of the FOIA requests and the basis for the plaintiff's objections before rationally concluding that it should release portions of the plaintiff's [documents]." *Id*. The court based its conclusion on the fact that the agency had given the business ten days to specify why the documents should be withheld under any FOIA exemptions and had provided a rational basis for rejecting these objections and disclosing the documents. *Id*. The court, after reviewing the record, granted summary judgment in favor of the Agency because it could ascertain a reasonable basis for the Agency's decision and could not substitute its judgment regarding the application of exemption 4 for that of the Agency's under a review governed by the arbitrary and capricious standard. *Id*. As such, even if the court had

disagreed with the Agency's finding, it was required to affirm the Agency's decision if any reasonable basis for its determinations could be discerned.  Here, as in *GS New Markets Fund*, it appears that WMATA provided ERG with an opportunity to specify which documents it believed should be withheld under the PARP and then provided a reasonable basis for rejecting ERG's objections.  As such, under the APA's "arbitrary and capricious" standard of review, because it appears WMATA's decision had a reasonable basis, this Court, regardless of whether it agrees with WMATA's determination, should grant Cubic's motion for summary judgment.

Granting Cubic's motion and essentially affirming WMATA's determination is not only the correct decision under the APA, but also is consistent with the intent of the FOIA and the PARP.  The main purpose of FOIA is to promote disclosure of government documents.  *See* S. Rep. No. 89-813 at 2-3 (1966) (describing the purpose of FOIA by quoting President James Madison: "Knowledge will forever govern ignorance, and a people who mean to be their own governors, must arm themselves with the power knowledge gives.").  As such, as is the case here, when an agency reasonably decides to disclose documents within its possession, the FOIA and thus the PARP, is best served by the Court's affirming the agency's action.

Cubic's present motion concentrates solely on the reasonableness of WMATA's decision making process in deciding to disclose certain documents to Cubic pursuant to its PARP request in arguing that summary judgment in favor of Cubic is appropriate.  Cubic's argument is so limited because of its outside counsel's inability to review the agency record and the documents in dispute.  While Cubic believes that the documents in question were involuntarily produced by ERG and the release of these documents would not substantially harm ERG, it is unable to articulate an argument supporting this due to the Court's Protective Order.   However, Cubic reserves the right to supplement its argument on the substantive merits in any Reply

Memorandum it may file following its review of any motion, memorandum or affidavits filed by WMATA.

## IV.
## CONCLUSION

Based on the pleadings, it appears WMATA's finding that certain documents requested by Cubic were involuntarily submitted by ERG and that disclosure of these documents would not cause substantial competitive harm to ERG was neither arbitrary nor capricious. The pleadings also indicate that no genuine issues as to any material facts exist. As such, this Court should grant Cubic's Motion for Summary Judgment. Additionally, as Cubic's counsel is not allowed to review protected material under the Protective Order, *see* Protective Order (2/05/08), Cubic respectfully requests that the Court either modify its order to allow Cubic's outside counsel to view materials under the order or, alternatively, if either WMATA or ERG's Motions or Memoranda fall under the Protective Order that the Court order any parties whose filings are so protected to produce redacted versions to Cubic's outside counsel by June 9, 2008. Cubic's ability to articulate meaningfully, cogent arguments in this litigation has been greatly hampered by the Court's Protective Order prohibiting its outside counsel from viewing the agency record and documents in dispute and would be further hampered if outside counsel could not at least review the parties' motions and memoranda—e.g. assuming ERG files its own Motion for Summary Judgment, Cubic could not file an opposition if it is not allowed to review the motion and documents in support thereof.

Dated: May 30, 2008                           WILEY REIN LLP

                                              /s/
                                              _____

                    Rodney H. Glover
                    Bar No. 387257
                    1776 K Street, N.W.
                    Washington, DC  20006
                    Telephone:  (202) 719-7381
                    Facsimile:  (202) 974-1426
                    Email: rglover@wileyrein.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 30th day of May, 2008 a copy of the foregoing document was served electronically upon the following:

      Benjamin J. Lambiotte, Esq.
      Matthew C. Hoyer, Esq.
      Robert A.W. Boraks, Esq.
      GARVEY SCHUBERT BARER
      1000 Potomac Street, NW
      Fifth Floor
      Washington, DC  20007
      Telephone: (202) 965-7880
      Fax:  (202) 965-1729
      Email:  blambiotte@gsblaw.com

      Phillip T. Staub, Esq.
      Bruce P. Heppen, Esq.
      Washington Metropolitan Transit Authority
      600 5th Street, N.W.
      Washington, DC  20007
      Telephone: (202) 962-2555
      Email: pstaub@wmata.com


                              /s/
                            Rodney H. Glover

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
ERG TRANSIT SYSTEMS (USA), INC.,   )
                                    )
          Plaintiff,              )
                                    )
   v.                               )
                                    )
WASHINGTON METROPOLITAN             )
AREA TRANSIT AUTHORITY,             )    Case:  1:07-cv-01924
                                    )
          Defendant,              )
                                    )
and                                 )
                                    )
CUBIC TRANSPORTATION SYSTEMS, INC., )
                                    )
          Intervenor/Defendant.   )
_____ )

**INTERVENOR/DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN
GENUINE DISPUTE**

      Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 7(h), Intervenor/Defendant Cubic Transportation Systems, Inc. ("Cubic"), respectfully submits this Statement of Material Facts Not in Genuine Dispute in support of Intervenor/Defendant's Motion for Summary Judgment.  Cubic believes there are many other facts not listed below which are not in genuine dispute, *e.g.*, that WMATA notified ERG of its initial decision and provided them with an opportunity to respond, *see* Am. Compl. ¶ 34 and ERG twice responded in writing to WMATA's notice, *see* Am. Compl. ¶ 35.  However, because neither Cubic nor its outside counsel has been allowed to review either the agency record or the documents in dispute in this case, Cubic's Statement of Material Facts Not In Genuine Dispute is limited to the following.

1.     WMATA is an interstate instrumentality created under an interstate Compact among the District of Columbia, the State of Maryland, and the Commonwealth of Virginia to create, operate and administer a mass transit system for Washington, D.C., metropolitan area.  D.C. Code Ann. § 9-1107.01 *et seq*. (2006 Supp.); Md. Code Ann., Transportation Article, § 10-204 et seq. (2004); Va. Code Ann. § 56-529 *et seq*. (2004).  WMATA has the capactiy to be sued in its own name.  D.C. Code Ann § 9-1007.01, WMATA Compact, Art. V, § 12(a).  *See* Am. Compl. ¶ 3.

2.      The PARP expressly provides that "WMATA will interpret and apply this Policy consistent with the federal Freedom of Information Act (FOIA), 5 U.S.C. § 552, and federal practice. . . ." PARP, § 1; *see* Am. Compl. ¶ 7.

3.      In 1999, WMATA introduced the "SmarTrip®" card, a memory logic "smart card," enabling payment of Metrorail fares, utilizing chip technology developed by Cubic and Ramtron International Corporation.  Am. Compl. ¶ 11.

4.      Cubic is a direct competitor of ERG, offering similar products and services.  Each company regularly bids in major procurements for smart card systems and related services for transit systems in the United States and other countries. ERG and Cubic have competed in the United States for approximately 10 years and longer internationally. Over the past decade, contracts awarded for most of such systems in connection with major public transit projects in the U.S. and U.K. have gone to either ERG or Cubic, or in some cases, including the WMATA procurement from which this case arises, both companies were awarded contracts and directed to integrate systems.  Am. Compl. ¶ 12.

5.      A "smart card," as employed by WMATA, is a layered plastic card in which is embedded a microprocessor, and a radio frequency receiver. Upon being contacted by a radio transmission device, the card can communicate with the transmission source, and perform data storage and mathematical manipulation, including retrieval and modification of the data stored on the memory of the card.  Am. Compl. ¶ 13.

6.      In 2001, WMATA issued a Request for Proposal for the procurement of a state of the art automatic fare collection system ("RFP").  Am. Compl. ¶ 14.

7.      As of 2002, WMATA was using its SmarTrip® cards for rail travel and Metro station parking. In the RFP, WMATA sought to expand SmarTrip® to become a seamless, integrated regional smart card-enabled fare payment system to be used on WMATA's and other regional bus operators' non-rail transit systems.  Am. Compl. ¶ 15.

8.      The RFP had been modified by WMATA not less than eight times.  Am. Compl. ¶ 16.

9.      Cubic submitted proposals in response to the RFP and amendments thereto.  Am. Compl. ¶ 17.

10.     ERG submitted, in February 26, 2006, a request for equitable adjustment ("REA") based on its work related to Contract CO5034. Am. Compl. ¶ 21.

11.     In September 2006, WMATA and ERG agreed to settle certain specific elements of the REA, through a bilateral contract modification increasing ERG's compensation for the specific items addressed in the modification, which became effective on December 21, 2006.  Am. Compl. ¶ 23.

12.     By letter dated May 2, 2007, invoking the PARP, Cubic requested WMATA to release to Cubic copies of any ERG Requests for Equitable Adjustments and All Contract Modifications, copies of all ERG/WMATA Negotiated Settlement Agreements, all ERG claim documents, and dispositions on all claims.  Am. Compl. ¶ 33.

13.     WMATA has identified numerous documents responsive to Cubic's request, which it has deemed disclosable under the PARP, and would have released but for ERG's initiation of this action. Am. Compl. ¶¶ 34, 36, 37, 39.

Dated:  May 30, 2008                                                        WILEY REIN LLP


   /s/                      
Rodney H. Glover
Bar No. 387257
1776 K Street, N.W.
Washington, DC  20006
Telephone:  (202) 719-7381
Facsimile:  (202) 974-1426
Email: rglover@wileyrein.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 30th day of May, 2008 a copy of the foregoing document was served electronically upon the following:

    Benjamin J. Lambiotte, Esq.
    Matthew C. Hoyer, Esq.
    Robert A.W. Boraks, Esq.
    GARVEY SCHUBERT BARER
    1000 Potomac Street, NW
    Fifth Floor
    Washington, DC  20007
    Telephone: (202) 965-7880
    Fax:  (202) 965-1729
    Email:  blambiotte@gsblaw.com

    Phillip T. Staub, Esq.
    Bruce P. Heppen, Esq.
    Washington Metropolitan Transit Authority
    600 5th Street, N.W.
    Washington, DC  20007
    Telephone: (202) 962-2555
    Email: pstaub@wmata.com

                                /s/
                              Rodney H. Glover

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERG TRANSIT SYSTEMS (USA), INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| WASHINGTON METROPOLITAN ) | |
| AREA TRANSIT AUTHORITY, ) | Case: 1:07-cv-01924 |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| CUBIC TRANSPORTATION SYSTEMS, INC., ) | |
| ) | |
| Intervenor/Defendant. ) | |

**ORDER GRANTING INTERVENOR/DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This Court, upon consideration of Cubic Transportation Systems, Inc. ("Cubic")'s Motion for Summary Judgment and the memorandum of law in support thereof, and for good cause shown,

HEREBY ORDERS that Cubic's Motion is GRANTED.

SO ORDERED.

_____

THE HONORABLE ROSEMARY M. COLLYER

_____, 2008

1:07-cv-01924RMC

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 30th day of May, 2008 a copy of the foregoing document was served electronically upon the following:

      Benjamin J. Lambiotte, Esq.
      Matthew C. Hoyer, Esq.
      Robert A.W. Boraks, Esq.
      GARVEY SCHUBERT BARER
      1000 Potomac Street, NW
      Fifth Floor
      Washington, DC  20007
      Telephone: (202) 965-7880
      Fax:  (202) 965-1729
      Email:  blambiotte@gsblaw.com

      Phillip T. Staub, Esq.
      Bruce P. Heppen, Esq.
      Washington Metropolitan Transit Authority
      600 5th Street, N.W.
      Washington, DC  20007
      Telephone: (202) 962-2555
      Email: pstaub@wmata.com

                                                      /s/
                                            Rodney H. Glover