# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ERG TRANSIT SYSTEMS (USA), INC. )
                                     )
           Plaintiff,         )
                                     )
     v.                       )    **Case No. 1:07-CV-1924**
                                     )    **Judge Rosemary M. Collyer**
**WASHINGTON METROPOLITAN**    )    **Next Scheduled Event: 7/3/08**
**AREA TRANSIT AUTHORITY**        )    **Oppositions to Motions for Summary**
                                     )    **Judgment**
            Defendant,      )
                                     )
and                             )
                                     )
**CUBIC TRANSPORTATION SYSTEMS,**)
**INC.**                                 )
                                     )
           Intervenor.      )

## <u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

      In accordance with Rule 56 of the Federal Rules of Civil Procedure and Local

Rules LCvR 7 and 56.1, Defendant Washington Metropolitan Area Transit Authority

("WMATA") moves this court to grant summary judgment against this action by Plaintiff

ERG Transit Systems (USA), Inc. ("ERG") to prevent release of Plaintiff's documents

pursuant to WMATA's FOIA-like Public Access to Records Policy ("PARP") in response

to a request from Intervenor Cubic Transportation Systems, Inc. ("Cubic"), an ERG

competitor.  The documents in dispute are requests for change orders, time extension

and equitable adjustment by ERG, a WMATA contractor.  Because the contract

required these documents in order for ERG to avail itself of its rights under the contract

and ERG submitted them in order to obtain additional compensation, WMATA applied

the standard for "required" submissions when making its exemption 4 redactions.

WMATA submits that it appropriately determined that the records were required submissions; that it painstakingly reviewed the records in the absence of ERG providing sufficiently detailed objections or adequate bases for its assertions of competitive harm; that WMATA was neither arbitrary nor capricious when it determined that releasing the records as redacted is not likely to cause ERG substantial competitive harm, nor impair WMATA's ability to obtain similar information in the future; and that, therefore, the records, as redacted by WMATA, are subject to release under the PARP.

In contrast, ERG contends that the records were voluntary submissions, and therefore should be redacted if not customarily made available to the public. Were WMATA to apply the standard urged by ERG, the records would be more extensively redacted than WMATA decided, to the extent ERG can substantiate the records are not customarily made available to the public. In the event that the Court determines this threshold issue in ERG's favor, WMATA respectfully requests that the Court remand this matter to WMATA for revision of its redactions in accordance with the standard for voluntarily submitted records.

WHEREFORE, WMATA moves this court to grant this motion for the reasons set forth in more detail in the attached statement of points and authorities. Also filed with this motion is a proposed order, a statement of material facts as to which there is no genuine issue, supporting affidavits and a certified administrative record. WMATA files its supporting statements, affidavits, exhibits and administrative record separately under seal because they contain Protected Information, as defined in the Stipulated Protective Order entered by this court on February 4, 2008, pursuant to the requirements of that Order.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
   TRANSIT AUTHORITY

Carol B. O'Keeffe, #445277
General Counsel


/s/ Phillip T. Staub_____
Phillip T. Staub, #442013
Bruce P. Heppen, #252171
Associate General Counsels-WMATA
600 Fifth Street, NW, 2nd Fl.
Washington, D.C.  20001
(202)-962-2555
Attorneys for Defendant
pstaub@wmata.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Summary Judgment with proposed order, statement of material facts as to which there is no genuine issue, statement of points and authorities with supporting affidavits, exhibits and administrative record was served electronically, this 30th day of May, 2008, to:

Benjamin J. Lambiotte
Matthew C. Hoyer
Robert A.W. Boraks
Garvey Schubert Barer
1000 Potomac St., NW, 5th Fl.
Washington, D.C. 20007
Attorneys for Plaintiff
blambiotte@gsblaw.com

in addition, a copy of this motion and proposed order was served electronically this 30th day of May, 2008, to:

Rodney H. Glover
Brian Walsh
Wiley Rein, LLP
1776 K St., NW
Washington, D.C. 20006
Attorneys for Intervenor
rglover@wileyrein.com

The statement of material facts as to which there is no genuine issue, statement of points and authorities, affidavits, exhibits and administrative records were not served upon attorneys for Intervenor Cubic because they contain information restricted by the Stipulated Protected Order entered in this case.  WMATA will endeavor to reach agreement with ERG upon redacted copies that can be provided to Cubic consistent with the order.

/s/ Phillip T. Staub
Phillip T. Staub

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ERG TRANSIT SYSTEMS (USA), INC.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 1:07-CV-1924** |
| ) | **Judge Rosemary M. Collyer** |
| **WASHINGTON METROPOLITAN** ) | **Next Scheduled Event: 7/3/08** |
| **AREA TRANSIT AUTHORITY** ) | **Oppositions to Motions for Summary** |
| ) | **Judgment** |
| **Defendant,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **CUBIC TRANSPORTATION SYSTEMS,**) | |
| **INC.** ) | |
| ) | |
| **Intervenor.** ) | |

## **PROPOSED ORDER**

Upon consideration of Defendant's Motion for Summary Judgment against

Plaintiff's action to prevent release of Plaintiff's records pursuant to Defendant's Public

Access to Records Policy, the points and authorities, supporting documents and the

administrative record submitted in connection therewith, and any opposition and other

filings and arguments submitted in relation thereto, it is by this court on this _____ day of

_____, 2008, hereby

ORDERED, that Defendant's motion be and is hereby granted; and it is further

ORDERED, that it is the judgment of this Court that Defendant shall release the

subject records with its intended redactions following the expiration of 30 days after the

entry of this Order unless an appeal is taken.

IT IS SO ORDERED.

_____
Judge

Copies to:

Benjamin J. Lambiotte
Matthew C. Hoyer
Robert A.W. Boraks
Garvey Schubert Barer
1000 Potomac St., NW, 5th Fl.
Washington, D.C. 20007
Attorneys for Plaintiff

Phillip T. Staub, #442013
Bruce P. Heppen, #252171
Associate General Counsels-WMATA
600 Fifth Street, NW, 2nd Fl.
Washington, D.C.  20001
(202)-962-2555
Attorneys for Defendant

Rodney H. Glover
Brian Walsh
Wiley Rein, LLP
1776 K St., NW
Washington, D.C. 20006
Attorneys for Intervenor