IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERG TRANSIT SYSTEMS (USA), INC., <br><br> *Plaintiff,* <br><br> v. <br><br> WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, <br><br> *Defendant.* | Judge Rosemary M. Collyer <br> Case No. 1:07-cv-01924 |

## NOTICE OF ERRATA

On May 30, 2008, ERG Transit Systems Inc., ("ERG"), moved for summary judgment in ERG v. Washington Metropolitan Area Transit Authority, Case No. 1:07-cv-01924. Attached to the Declaration of John Winyard, which was included as Exhibit 1, was Attachment E. It has come to counsel's attention that the second page of Attachment E is blank, which is in error. Counsel has attached the correct second page of Attachment E.

Respectfully submitted,

**ERG TRANSIT SYSTEMS (USA), INC.**

By its attorneys:    /s/ Benjamin J. Lambiotte
Benjamin J. Lambiotte, Esq.
D.C. Bar No. 421288
blambiotte@gsblaw.com
Matthew C. Hoyer, Esq.
D.C. Bar. No. 975544
Robert A.W. Boraks, Esq.
D.C. Bar No. 72132
**GARVEY SCHUBERT BARER**
1000 Potomac Street, Fifth Floor
Washington, D.C. 20007
(202) 965-7880

Dated: June 5, 2008


Page 2

request for airbag information that could not be enforced). Where, on the other hand, the information is required by the government, McDonnell Douglas Corp., 895 F.Supp 316, 317, 318, courts apply the standard for involuntary submissions even where the requirement exists in order to realize the benefits of a voluntary program, Critical Mass Energy, 975 F.2d at 880. Hence the abundance of cases applying the involuntary standard to pricing provided in order to compete for government contracts. E.g. McDonnell Douglas Corp. v. United States Dep't of the Air Force, 375 F.3d 1182, 1187 (D.C. 2004). We believe it is consistent with these principles and the underlying principle of openness under our PARP to apply the involuntary standard to contractor submissions required in order to do business with or obtain a benefit from WMATA.

The provisions of contract CO5034 require ERG to assert its rights to additional compensation in writing. See General Provision 2, "Changes," and 9, "Delay of Work." For the most part, the requested records were required in order for ERG to get paid under the contact. We do not find that the cases you cite contradict this approach. For example, in Judicial Watch v. United States Dep't of the Army, 466 F.Supp. 2d 112 (D.D.C. 2006) the submissions in question were e-mails regarding the contractor's selection of a subcontractor. There is no indication these were required under the contract. Judicial Watch, therefore, does not support applying the voluntary standard to submissions required in order to get paid under a contract. Moreover, the federal guidance we follow under the PARP states that submissions required from existing government contractors are subject to the involuntary standard. FOIA Update, Vol. XIV, No. 2 at page 3-5. We also conclude that release pursuant to this decision will not impair WMATA's ability to obtain such information in the future because we are redacting all information that is likely to cause substantial competitive harm. See National Parks and Conservation Assn v. Morton, 498 F.2d 765, 770 (D.C. Cir. 1974) (developing involuntary standard in response to request for information submitted by contractor and condition of contract performance). As a result and in order to obtain additional compensation, contractors will not hesitate to provide the released information to WMATA.

Because we conclude the information was involuntarily submitted, we look primarily to whether disclosure is likely to cause substantial competitive harm to ERG Transit Systems. See National Parks and Conservative Ass'n v. Morton, 498 F.2d 765 (D.C. Cir 1974) and Critical Mass Energy Project v. Nuclear Regulatory Com'n, 975 F.2d 871 (D.C. Cir. 1992). Case law requires us to consider the following factors in determining whether disclosure will cause substantial competitive harm: (1) whether the contractor faces competition for the good or service; (2) whether the information is otherwise publicly available; and (3) whether the information, if released, is likely to