IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERG TRANSIT SYSTEMS (USA), INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| WASHINGTON METROPOLITAN ) | |
| AREA TRANSIT AUTHORITY, ) | Case: 1:07-cv-01924 |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| CUBIC TRANSPORTATION SYSTEMS, INC., ) | |
| ) | |
| Intervenor/Defendant. ) | |

**INTERVENOR/DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I.
BACKGROUND**

The present action arises from the Washington Metropolitan Area Transportation Authority ("WMATA")'s letters to ERG Transit Systems (USA), Inc. ("ERG") informing ERG of WMATA's intention to disclose certain documents to Cubic Transportation Systems, Inc. ("Cubic") in response to Cubic's May 2, 2007 request for documents under WMATA's Public Access to Records Policy ("PARP").

On May 2, 2007 Cubic submitted a PARP request to WMATA seeking copies of various documents relating to ERG's Request for Equitable Adjustments ("REA")[1] under Contract

---

[1] An REA is a request for equitable adjustment usually in the form of additional monies to be provided for work done under a government contract. *See Gen. Ry. Signal Co. v. Washington Metro. Area Transit Auth.*, 875 F.2d 320, 324-25 (D.C. Cir. 1989) ("The term 'equitable adjustment' is a legal term of art; it signifies a principle designed 'to

CO5034 Regional Customer Service Center ("RCSC"). On August 15, 2007, ERG received a letter from WMATA notifying ERG that certain documents submitted by ERG to WMATA had been deemed responsive to a PARP request and would be released pending objection by ERG. Am. Compl. ¶ 34. ERG responded to WMATA's letter on August 28, 2007 and August 20, 2007 requesting that certain documents either not be disclosed or redacted. *Id*. ¶ 35. On October 11, 2007 WMATA informed ERG of its intention to release certain documents on October 26, 2007 over ERG's objections and of its discovery of more documents it found to be responsive to the PARP request. *Id*. ¶ 36. On October 25, 2007 ERG filed this suit to prevent WMATA from disclosing any documents. ERG then, on October 26, 2007 notified WMATA of its objections to the disclosure of certain documents WMATA had identified in its October 11, 2007 letter as also being responsive. *Id.* ¶ 41. On January 10, 2008 WMATA informed ERG of its intention to release certain documents on October 26, 2007 over ERG's objections and of its discovery of more documents it found to be responsive to the PARP request. *Id*. Subsequently, on January 24, 2008 ERG amended its Complaint to cover the documents WMATA intended to release on January 28, 2008. All parties filed motions for summary judgment on May 30, 2008.

## II.
## ARGUMENT AND AUTHORITIES

**A.    Standard of Review**

    1.    Summary Judgment

The PARP expressly provides that "WMATA will interpret and apply this Policy consistent with the federal Freedom of Information Act (FOIA), 5 U.S.C. § 552, and federal practice. . . ." PARP § 1. "Summary judgment is the routine method for resolving most FOIA

---

keep a contractor whole when the Government modifies a contract.' The proper measure of the adjustment is 'the difference between what it would have cost to perform the work as originally required and what it cost to perform the work as changed.'") (citations omitted).

actions when there are no material facts genuinely at issue." *Gilda Indus., Inc. v. U.S. Customs & Border Protection Bureau*, 457 F. Supp. 2d 6, 9 (D.D.C. 2006). Such motions are governed by Rule 56 of the Federal Rules of Civil Procedure that provides, in part, that the "judgment sought shall be rendered forthwith if the pleadings . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56. "In FOIA cases, summary judgment may be granted solely on the basis of agency affidavits provided that they are clear, specific and reasonably detailed, and there is no contradictory evidence on the record or evidence of agency bad faith." *W. Ctr. for Journalism v. IRS*, 116 F. Supp. 2d 1, 7 (D.D.C. 2000) (citing *Hayden v. NSA*, 608 F.2d 1381, 1387 (D.C. Cir. 1979)).

2. Arbitrary and Capricious

"In reverse-FOIA cases, such as this case, the Court reviews the Agency decision under the 'generally applicable standard' contained in the Administrative Procedure Act ("APA") because such cases are deemed informal agency adjudications." *GS New Markets Fund, L.L.C. v. United States Dep't of the Treasury, Cmty. Dev. Fin. Insts. Fund*, 407 F. Supp. 2d 21, 24 (D.D.C. 2005).[2] Under the APA, the generally applicable standard is whether an agency's action was arbitrary or capricious. *See* 5 U.S.C. § 706(2)(A); *Occidental Petroleum Corp. v. SEC*, 873 F.2d 325, 337 (D.C. Cir. 1989) ("Under § 706, a court reviewing an informal agency

---

[2] This Circuit has consistently recognized the appropriateness of applying federal law in cases involving WMATA because "[n]ot only does the Compact have its roots in congressionally authorized studies, but 'Congress played a particularly active role' in WMATA's creation." *Beebe v. Washington Metro. Area Transit Auth.*, 129 F.3d 1283, 1288 (D.C. Cir. 1997)(citations omitted). In so recognizing, courts within this Circuit have consistently applied the standards in the APA when reviewing acts of WMATA. *See, e.g., Elcon Enters., Inc. v. Washington Metro. Area Transit Auth.*, 977 F.2d 1472, 1480 (D.C. Cir. 1992) ("We therefore assume, for purposes of this case, that WMATA is a federal agency and that its procurement decisions must be reached in accordance with the APA and applicable federal procurement law."); *Monument Realty LLC v. Washington Metro. Area Transit Auth.*, 535 F. Supp. 2d 60, 73-74 (D.D.C. 2008) ("WMATA's procurement decisions must be in accordance with the APA and applicable federal law."). Applying the APA to review WMATA's decision here is particularly appropriate given the PARP's specific statement that WMATA will interpret and apply the PARP consistent with the FOIA, a federal statute. PARP § 1.

adjudication must 'hold unlawful and set aside agency action, findings and conclusions found . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'") (citing 5 U.S.C. 706(2)(A)).  Thus, the only issue before the Court is whether WMATA's decision to release the contested documents to Cubic pursuant to its PARP request was "arbitrary, capricious, or an abuse of discretion." *CNA Fin. Corp. v. Donovan*, 830 F.2d 1132, 1155 (D.C. Cir. 1987).  "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." *Motor Vehicles Mfrs. Assoc. of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).  As such, "courts uphold an agency's decision 'of less than ideal clarity' so long as the reviewing court can 'reasonably discern' the agency's decision-making process from the record." *GS New Markets Fund, L.L.C.*, 407 F. Supp. 2d at 24.

**B.    <u>ERG is Not Entitled to Summary Judgment as a Matter of Law on its Claim that WMATA's Decision to Release Documents Was in Violation of the PARP.</u>**

ERG's Motion for Summary Judgment should be denied because WMATA's decision to release certain documents to Cubic pursuant to its PARP request was neither arbitrary nor capricious.

Generally, under FOIA (and thus the PARP), documents responsive to a request should be produced unless exempted and "exemptions 'must be construed narrowly, in such a way as to provide maximum access consonant with the overall purpose of [FOIA].'" *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1112 (D.C. Cir. 2007) (quoting *Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C. Cir. 1973)); *see also Chrysler Corp. v. Brown*, 441 U.S. 281, 290 (1979) ("We have, moreover, consistently recognized the basic objection of the [FOIA] is disclosure.").  Documents are exempted from disclosure under FOIA exemption 4 (and thus exempted under PARP § 6.1.4) if they contain either trade secrets or commercial or financial information obtained from a person

that is either privileged or confidential. 5 U.S.C. § 552(b)(4). "Records are deemed to be 'commercial' as long as the submitter has a 'commercial interest' in them" and "are considered to be 'obtained from a person' as long as they were submitted by a 'partnership, corporation, association, or public or private organization other than an agency.'" *Gilda Indus.*, 457 F. Supp. 2d at 9 (citations omitted). As such, the key question in FOIA or reverse-FOIA actions in determining whether exemption 4 precludes disclosure is often whether the records at issue are privileged or confidential.

  1. Voluntary or Involuntary Submission

Whether information is privileged or confidential turns in part on whether it was provided to the government voluntarily or under compulsion. If the financial or commercial information was disclosed to the government voluntarily, it will be considered confidential for purposes of exemption 4, if it is the kind of information that would customarily not be released to the public by the person from whom it was obtained. *McDonnell Douglas Corp. v. NASA*, 180 F.3d 303, 304 (D.C. Cir. 1999). On the other hand, commercial or financial information obtained from a person involuntarily

> "is 'confidential' for purposes of the exemption if disclosure [would either] . . . impair the Government's ability to obtain necessary information in the future; or . . . cause substantial harm to the competitive position of the person from whom the information was obtained."

*Canadian Commercial Corp. v. Air Force*, 514 F.3d 37, 39 (D.C. Cir. 2008) (quoting *Nat'l Parks & Conservation Ass'n v. Morton*, 498 F.2d 765, 770 (D.C. Cir. 1974)). "The second element of this test 'has been interpreted to require both a showing of actual competition and a likelihood of substantial competitive injury.'" *Gilda Indus.*, 457 F. Supp. 2d at 9 (quoting *CNA Fin. Corp. v. Donovan*, 830 F.2d 1132, 1152 (D.C. Cir. 1987)).

Here, because the documents at issue were submitted to WMATA involuntarily by ERG and because the record before WMATA contained only general, conclusory statements as to why their release would cause ERG substantial competitive harm, WMATA's decision to release these documents to Cubic was neither arbitrary nor capricious.

**C.   WMATA Correctly Found that ERG's Submissions Were Involuntarily Submitted.**

Information is submitted involuntarily when it is supplied pursuant to a statute, regulation or some less formal mandate. *Pub. Citizen Health Research Group v. FDA*, 964 F.Supp. 413, 414 (D.D.C. 1997) (citing *Nat'l Parks & Conservation Ass'n v. Morton*, 498 F.2d 765, 770 (D.C. Cir. 1974). Here, ERG's contract with WMATA required ERG to submit the documents at issue to WMATA in order to pursue its REA. ERG's contract with WMATA and, the general rule that materials submitted to realize the benefits of a government program are involuntary provided, confirm that WMATA's finding that the documents at issue were involuntarily submitted.

1.   ERG's Contract with WMATA Required it to Submit the Documents at Issue

ERG's contract with WMATA, Contract C05034, contains two relevant provisions pertaining to REAs. Clause 2, regarding changes to the contract, requires that "[t]he Contractor must assert its right to an adjustment under this article within 30 days from the date of receipt of the written order." Pl.'s Mot. for Summ. J., Ex. 2. Clause 9, for claims of increase in contractor costs based on delay in work, states that "[n]o claim under this clause shall be allowed . . . unless the claim, in an amount stated, is asserted in writing as soon as practicable after the termination of such delay or interruption." *Id*. These contract clauses clearly require ERG to submit a claim (in the case of delay, in writing) if it wishes to pursue an REA—these requirements are the "less formal mandate" which render the documents at issue in this case, which ERG produced in an

attempt to receive more funds based on changes and delays to the contract, involuntarily submitted.[3]

  2.  ERG Submitted the Documents at Issues in an Attempt to Realize the Benefits of a Voluntary Program

Beyond just the contract language which required ERG to submit the documents at issue, the long established rule that submissions required to realize the benefits of a voluntary program are considered mandatory, *see Lykes Bros. S.S. Co. v. Pena*, Civ. A. No. 92-2780-TFH, 1993 WL 786964 at *8 n.4 (D.D.C. Sept. 2, 1993) (citing *Critical Mass Energy Project v. NRC,* 975 F.2d 871, 880 (D.C.Cir. Aug 21, 1992)), also leads to the conclusion that ERG involuntarily submitted the information contained in its REAs and other documents.  Here, again, while ERG's decision to obtain a contract with WMATA was voluntary, documents submitted in pursuit of realizing benefits based on its decision to pursue the contract, such as actually obtaining the contract or obtaining more funds under the contract, are mandatory and thus involuntarily submitted.

As ERG's contract with WMATA required it to submit the documents at issue and, because ERG submitted these documents in an attempt to realize the benefits of a voluntary program, the documents were involuntarily submitted.  Because the documents were involuntarily submitted, WMATA could choose to release the information unless such release would likely cause substantial harm to the competitive position of ERG.

**D.**  **<u>Based on the Record Before It, WMATA's Decision Finding that ERG Would Not Suffer Substantial Competitive Harm Was Neither Arbitrary Nor Capricious.</u>**

Under FOIA, parties opposing disclosure bear the burden of proving circumstances that justify nondisclosure.  *Nat'l Parks & Conservation Ass'n v. Kleppe*, 547 F.2d 673,  679 n.20

---

[3] This situation is not unlike the initial decision to submit a bid proposal in the effort to obtain a government contract.  While deciding whether or not to pursue a government contract is totally voluntary, once a party decides to bid on a contract the documents it submits in hopes of winning the contract are produced involuntarily.  *See e.g. McDonnell Douglas Corp. v. NASA*, 895 F.Supp. 316, 318 (D.D.C. 1995); *see also* Def.'s Statement of P. &A. at 7.

(D.C. Cir. 1976). "[C]onclusory and generalized assertions of substantial competitive harm, . . . are insufficient to sustain the burden of nondisclosure under the FOIA." *Trifid Corp. v. Nat'l Imagery & Mapping Agency*, 10 F. Supp. 2d 1087, 1099 (E.D. Mo. 1998); *see also*, *Lykes Bros.*, 1993 WL 786964 at *6 ("General, unspecific assertions are inadequate to meet this burden."). As is apparent from WMATA's two decision letters to ERG (*see* Pl.'s Mot. for Summ. J., Attachs. D-E), all that was before WMATA at the time it decided that the release of the documents at issue would not likely cause ERG substantial competitive harm were ERG's conclusory and generalized assertions of potential competitive harm. Thus, based on the record before it, WMATA's conclusion that the release of the documents would not likely cause ERG substantial harm was neither arbitrary nor capricious.

   1.   ERG's Allegations of Competitive Harm were Conclusory and Generalized

WMATA's two decision letters demonstrate the nature of ERG's conclusory and generalized assertions of substantial competitive harm which were before WMATA at the time it made its decision denying ERG's request to either not disclose or redact the documents at issue. For example, ERG "request[ed] that WMATA redact costs, rates, prices and durations from the above-referenced documents because they may allow a competitor to gauge how much it costs for ERG to do specific work." Pl.'s Mot. for Summ. J., Attach. D at 2.[4] ERG restates this same objection throughout its responses to WMATA's proposed disclosures. *See, e.g.*, *id.* at 5, 6, 7, 10; Pl.'s Mot. for Summ. J., Attach. E at 4, 5, 7 (noting that ERG requested certain documents be redacted because "they contain information that allows a competitor to gauge how much it costs for ERG to do specific work"). Such general assertions of substantial competitive harm are

---

[4] As Cubic has no access to ERG's letters to WMATA requesting that WMATA either not disclose or redact the documents at issue Cubic relies on WMATA's statement of ERG's arguments in its letter as the basis for its argument.

exactly the type of allegations that have been found to be too conclusory and lacking in detail and reasoning to form the basis for withholding documents. *See, e.g.*, *Lykes Bros.*, 1993 WL 786964 at *7 (finding the assertions of substantial competitive harm presented to the agency by a party seeking to prevent disclosure under a FOIA request too general and conclusory to prevent disclosure).

  2.  ERG Impermissibly Seeks to Supplement the Record to Remedy its Failure to Adequately Present its Arguments Regarding Substantial Competitive Harm to WMATA

ERG's failure to adequately present its basis for its belief that release of these documents would cause it substantial competitive harm to WMATA is further demonstrated by ERG's Memorandum in Support of its Summary Judgment Motion. ERG does not cite to documents that are part of the agency record to prove its assertion that ERG would suffer substantial competitive harm if the documents at issue were released. Instead, ERG consistently cites to its Statement of Material Facts, which in turn cites to the Declaration of John Winyard (Project Manager for ERG). Neither of these documents were before WMATA when it made its decision to disclose documents to Cubic and neither of these documents cite to any reasoning ERG provided WMATA before it made its decision. Both ERG's Statement of Material Facts and the Declaration of John Winyard impermissibly seek to supplement the record to remedy ERG's failure to provide WMATA with more than just conclusory or generalized allegations of substantial competitive harm during its decision-making process. *See Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("[t]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court"); *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 793 (D.C. Cir. 1984) (explaining that the record for the reviewing court is limited to the information before the agency at the time of its decision); *Doraiswamy v. Sec'y of Labor*, 555 F.2d 832, 839-40 (D.C. Cir. 1976) ("The grounds upon

which an administrative order must be judged are those upon which the record disclosed the action was based."); *see also*, Intervenor/Def.'s Objection to Pl.'s Ex. One.  As ERG's Statement of Facts and the Declaration of John Winyard were not before WMATA at the time it made its decision to release the documents and, because the actual record reflects that ERG failed to provide anything more than mere general, conclusory allegations of substantial competitive harm to WMATA, WMATA's decision must be upheld.

       3.      ERG was Provided a Full and Fair Opportunity to Demonstrate Substantial Competitive Harm

WMATA twice notified ERG that it had determined certain records submitted by ERG to be responsive to Cubic's PARP request.  Am. Compl. ¶¶ 34, 37.  In both instances, WMATA provided ERG with an opportunity to respond to WMATA's identification of responsive documents and object to any documents ERG thought should not be disclosed.  *Id*.  After receiving ERG's responses, WMATA decided to continue to produce some of the documents ERG objected to, either in part or in full, after determining that these documents had been involuntarily submitted and that disclosure would not cause ERG substantial competitive harm.  *See* Am. Compl. ¶¶ 37, 41, 42.  WMATA provided ERG a full and fair opportunity to respond to its decision to disclose documents prior to reaching its final determination regarding disclosure to Cubic.  ERG's attempt to have the Court rescue it from its failure to adequately explain why disclosure of the documents at issue may cause it substantial competitive harm when presented with the opportunity by WMATA must fail as WMATA's decision, based on the record before it, was neither arbitrary nor capricious.[5]

---

[5] This case is analogous to *GS New Markets Fund, L.L.C. v. United States Department of Treasury, Community Development Financial Institutions Fund*, 407 F. Supp. 2d 21 (D.D.C. 2005).  In *GS New Markets Fund*, a business brought a reverse-FOIA action attempting to prevent an agency from releasing certain documents it had provided.  The plaintiff contended that the information was protected from disclosure by FOIA exemption 4.  The court, after reviewing the record, granted summary judgment in favor of the Agency because it could ascertain a reasonable

## III.
## CONCLUSION

Because WMATA's decision to release certain documents to Cubic pursuant to its PARP request was neither arbitrary nor capricious, ERG's Motion for Summary Judgment should be denied and Cubic's Motion for Summary Judgment, filed on May 30th, should be granted.

Dated:  July 2, 2008                                      WILEY REIN LLP


                                                                                 /s/
                                        Rodney H. Glover
                                        Bar No. 387257
                                        Wiley Rein LLP
                                        1776 K Street, N.W.
                                        Washington, DC  20006
                                        Telephone:  (202) 719-7381
                                        Facsimile:  (202) 974-1426
                                        Email: rglover@wileyrein.com

                                        *Counsel for Cubic Transportation Systems, Inc.*

---

basis for the Agency's decision and could not substitute its judgment regarding the application of exemption 4 for that of the Agency's under a review governed by the arbitrary and capricious standard.  *Id*.  As such, even if the court had disagreed with the Agency's finding, it was required to affirm the Agency's decision if any reasonable basis for its determinations could be discerned.  Here, as in *GS New Markets Fund*, WMATA provided ERG with an opportunity to specify which documents it believed should be withheld under the PARP and then provided a reasonable basis for rejecting ERG's objections.  As such, under the APA's "arbitrary and capricious" standard of review, because WMATA's decision had a reasonable basis, this Court, regardless of whether it agrees with WMATA's determination, should deny ERG's motion for summary judgment.

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July, 2008 a copy of the foregoing document was served electronically with the Clerk of the Court's CM/ECF system upon the following:

>Benjamin J. Lambiotte, Esq.
>Matthew C. Hoyer, Esq.
>Robert A.W. Boraks, Esq.
>GARVEY SCHUBERT BARER
>1000 Potomac Street, NW
>Fifth Floor
>Washington, DC  20007
>Telephone: (202) 965-7880
>Fax:  (202) 965-1729
>Email:  blambiotte@gsblaw.com

>Phillip T. Staub, Esq.
>Bruce P. Heppen, Esq.
>Washington Metropolitan Transit Authority
>600 5th Street, N.W.
>Washington, DC  20007
>Telephone: (202) 962-2555
>Email: pstaub@wmata.com

           /s/
         Rodney H. Glover
         Bar No. 387257
         Wiley Rein LLP
         1776 K Street, N.W.
         Washington, DC  20006
         Telephone:  (202) 719-7381
         Facsimile:  (202) 974-1426
         Email: rglover@wileyrein.com

         *Counsel for Cubic Transportation Systems, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERG TRANSIT SYSTEMS (USA), INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WASHINGTON METROPOLITAN )<br>AREA TRANSIT AUTHORITY, )<br>)<br>Defendant, )<br>)<br>and )<br>)<br>CUBIC TRANSPORTATION SYSTEMS, INC., )<br>)<br>Intervenor/Defendant. )<br>) | Case:  1:07-cv-01924 |

### INTERVENOR/DEFENDANT'S OBJECTION TO PLAINTIFF'S EXHIBIT ONE

Intevenor/Defendant Cubic Transportation Systems, Inc. ("Cubic") hereby objects to Exhibit One of Plaintiff ERG Transit Systems (USA), Inc. (ERG)'s Motion for Summary Judgment.  Exhibit One to ERG's motion is the Declaration of John Winyard, Project Manager for ERG on WMATA Contract C05034.  Mr. Winyard's declaration improperly attempts to supplement the record with information not before WMATA at the time it made its decision.  For example, Paragraphs 22 and 23 of Mr. Winyard's declaration discuss actions taken by WMATA in April 2008, months after WMATA issued its decision regarding Cubic's PARP request and the initiation of this litigation.  Likewise, as the declaration was not before the agency at the time WMATA made its decision, Mr. Winyard's statements in Paragraphs 24 through 30 regarding the alleged effect on ERG of the release of the information WMATA intends to disclose is irrelevant for purposes of this Court's review of whether WMATA's decision was arbitrary or

1:07-cv-01924RMC

capricious.  *See Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("[t]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court"); *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 793 (D.C. Cir. 1984) (explaining that the record for the reviewing court is limited to the information before the agency at the time of its decision); *Doraiswamy v. Sec'y of Labor*, 55 F.2d 832, 839-40 (D.C. Cir. 1976) ("The grounds upon which an administrative order must be judged are those upon which the record disclosed the action was based.").  For the foregoing reasons, Cubic respectfully requests that the Court not consider Mr. Winyard's declaration in its review of the record.

Dated:  July 2, 2008                                WILEY REIN LLP


                                                    ___/s/_____
                                                    Rodney H. Glover
                                                    Bar No. 387257
                                                    Wiley Rein LLP
                                                    1776 K Street, N.W.
                                                    Washington, DC  20006
                                                    Telephone:  (202) 719-7381
                                                    Facsimile:  (202) 974-1426
                                                    Email: rglover@wileyrein.com

                                                    *Counsel for Cubic Transportation Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July, 2008 a copy of the foregoing document was served electronically with the Clerk of the Court's CM/ECF system upon the following:

>Benjamin J. Lambiotte, Esq.
>Matthew C. Hoyer, Esq.
>Robert A.W. Boraks, Esq.
>GARVEY SCHUBERT BARER
>1000 Potomac Street, NW
>Fifth Floor
>Washington, DC  20007
>Telephone: (202) 965-7880
>Fax:  (202) 965-1729
>Email:  blambiotte@gsblaw.com

>Phillip T. Staub, Esq.
>Bruce P. Heppen, Esq.
>Washington Metropolitan Transit Authority
>600 5th Street, N.W.
>Washington, DC  20007
>Telephone: (202) 962-2555
>Email: pstaub@wmata.com

>          /s/
>Rodney H. Glover
>Bar No. 387257
>Wiley Rein LLP
>1776 K Street, N.W.
>Washington, DC  20006
>Telephone:  (202) 719-7381
>Facsimile:  (202) 974-1426
>Email: rglover@wileyrein.com

>*Counsel for Cubic Transportation Systems, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ERG TRANSIT SYSTEMS (USA), INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| WASHINGTON METROPOLITAN ) | |
| AREA TRANSIT AUTHORITY, ) | Case: 1:07-cv-01924 |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| CUBIC TRANSPORTATION SYSTEMS, INC., ) | |
| ) | |
| Intervenor/Defendant. ) | |

**INTERVENOR/DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF
MATERIAL FACTS NOT IN GENUINE DISPUTE**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 7(h), Intervenor/Defendant Cubic Transportation Systems, Inc. ("Cubic"), respectfully submits this response to ERG Transit Systems (USA), Inc. ("ERG")'s Statement of Material Facts Not in Genuine Dispute. While Cubic generally agrees with ERG's Statement of Material Facts Not In Genuine Dispute and does not believe that any dispute exists over material facts that would preclude the Court considering any of the parties' Summary Judgment motions, Cubic believes it must respond to some of the statements contained in ERG's Statement of Material Facts.

1. Paragraph 14: Cubic is unaware of what caused ERG to be unable to meet the "tight timelines for the startup 'design and build' phase" nor if these delays caused ERG to incur additional costs.

2. Paragraph 18: Cubic is unaware of ERG's stated preference for dealing with issues with WMATA and is unaware of whether the documents it submitted were marked "confidential."

3. Paragraph 36: Cubic believes ERG's use of the phrase "blanket pronouncement" is misleading.

1:07-cv-01924RMC

4. Paragraph 37: Cubic is unaware of what redactions ERG proposed and of those redactions which WMATA agreed to or denied.

5. Paragraphs 38-41 contain legal conclusions that are subject to this litigation and as such are not "Material Facts."

6. Paragraph 42: Cubic is unaware of what ERG may or may not have done had it known that WMATA would decide to release certain documents pursuant to a PARP request.

7. Paragraph 43 contains a legal conclusion that is subject to this litigation and as such is not a "Material Fact."

Dated:  July 2, 2008                                 WILEY REIN LLP


                                                       /s/
                                                     Rodney H. Glover
                                                     Bar No. 387257
                                                     Wiley Rein, LLP
                                                     1776 K Street, N.W.
                                                     Washington, DC  20006
                                                     Telephone:  (202) 719-7381
                                                     Facsimile:  (202) 974-1426
                                                     Email: rglover@wileyrein.com

                                                     *Counsel for Cubic Transportation Systems, Inc.*

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 2nd day of July, 2008 a copy of the foregoing document was served electronically with the Clerk of the Court's CM/ECF system upon the following:

     Benjamin J. Lambiotte, Esq.
     Matthew C. Hoyer, Esq.
     Robert A.W. Boraks, Esq.
     GARVEY SCHUBERT BARER
     1000 Potomac Street, NW
     Fifth Floor
     Washington, DC  20007
     Telephone: (202) 965-7880
     Fax:  (202) 965-1729
     Email:  blambiotte@gsblaw.com

     Phillip T. Staub, Esq.
     Bruce P. Heppen, Esq.
     Washington Metropolitan Transit Authority
     600 5th Street, N.W.
     Washington, DC  20007
     Telephone: (202) 962-2555
     Email: pstaub@wmata.com

     /s/
     Rodney H. Glover
     Bar No. 387257
     Wiley Rein, LLP
     1776 K Street, N.W.
     Washington, DC  20006
     Telephone:  (202) 719-7381
     Facsimile:  (202) 974-1426
     Email: rglover@wileyrein.com

     *Counsel for Cubic Transportation Systems, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERG TRANSIT SYSTEMS (USA), INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | ) Case: 1:07-cv-01924 |
| Defendant, | ) |
| and | ) |
| CUBIC TRANSPORTATION SYSTEMS, INC., | ) |
| Intervenor/Defendant. | ) |

**PROPOSED ORDER DENYING PLAINTIFF ERG TRANSIT SYSTEMS (USA), INC.'S MOTION FOR SUMMARY JUDGMENT AND GRANTING INTERVENOR/DEFENDANT'S CUBIC TRANSPORTATION SYSTEMS, INC.'S MOTION FOR SUMMARY JUDGMENT**

This Court, upon consideration of ERG Transit Systems (USA), Inc. ("ERG")'s Motion for Summary Judgment and the memorandum of law in support thereof and Cubic Transportation Systems Inc. (Cubic)'s Motion for Summary Judgment and the memorandum of law in support thereof,

HEREBY ORDERS that ERG's Motion is DENIED and Cubic's Motion is GRANTED.

SO ORDERED.

_____

THE HONORABLE ROSEMARY M. COLLYER

_____, 2008

1:07-cv-01924RMC