**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ERG TRANSIT SYSTEMS (USA), INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WASHINGTON METROPOLITAN | ) |
| AREA TRANSIT AUTHORITY, | )    Case:  1:07-cv-01924 |
| | ) |
| Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| CUBIC TRANSPORTATION SYSTEMS, INC., | ) |
| | ) |
| Intervenor/Defendant. | ) |

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF INTERVENOR/DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Cubic Transportation Systems, Inc. ("Cubic") hereby submits this Reply Memorandum in response to ERG Transit Systems (USA) Inc. ("ERG")'s Opposition to Cubic's Motion for Summary Judgment.

### I.
### INTRODUCTION AND SUMMARY

The Washington Metropolitan Transit Authority ("WMATA") was neither arbitrary nor capricious in concluding that the documents at issue were involuntarily submitted by ERG and that, on the record before it, ERG would not likely suffer substantial harm based on the disclosures WMATA intends to make to Cubic. The Court should therefore deny ERG's Motion for Summary Judgment and grant Cubic's Motion for Summary Judgment.

1:07-cv-01924RMC

A.      **This Case is Ripe for Summary Judgment.**

Cubic agrees with ERG that a majority of the material facts in this case are not in dispute, *see* Pl.'s Opp. at 2-4.  Cubic further agrees with ERG that any issues in dispute are "primarily [ ] question[s] of law." *Id.* at 6.  As such, this case is ripe for summary judgment.

## II.
## ARGUMENT

A.      **Review of WMATA's Decision Must be Based Upon the Record Before the Agency at the Time WMATA Made Its Decision.**

It is axiomatic that under the APA an agency's decision must be reviewed based on the record before the agency at the time it made its decision.  *See McDonnell Douglas Corp. v. Dept. of the Air Force*, 375 F.3d 1182, 1187-88 (D.C. Cir. 2004) ("Whether the Final Decision of the Air Force was arbitrary and capricious must be determined solely upon the basis of the arguments and information before the agency at the time.") (citing *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 192 (D.C. Cir. 1984) ("If a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made its decision.")).  ERG recognizes this throughout its consolidated opposition.  *See* Pl.'s Opp. At 6, n.2 ("[T]he Court must determine this case on the record WMATA made."); *id.* at 9 ("This review must be determined solely upon the basis of the record before the agency at the time the decision was made.").  However, despite ERG's recognition that the Court's review is limited to the record before the agency at the time it made its decision ERG continues to attempt to supplement the record with facts not before the agency via its reliance on Mr. Winyard's declaration.  *See* Pl.'s Summ. J. Memo. at 6, 13; Pl.'s Statement of Facts, 1-12; Pl.'s Opp. at 7,

21, 24-25.[1]  Cubic has already demonstrated that ERG's reliance on Mr. Winyard's declaration is inappropriate.  *See* Cubic's Opp., Cubic's Objection to Pl.'s Ex. 1.  As such, when the actual record is reviewed, WMATA's decision must be upheld.[2]

**B.       ERG Provided the Materials in Question to WMATA Involuntarily.**

1.       WMATA's and Cubic's Prior Submissions Demonstrate that the Documents Submitted by ERG Were Involuntarily Produced.

WMATA's and Cubic's Summary Judgment and Oppositions to ERG's Motion for Summary Judgment have shown that "ERG's contract with WMATA required ERG to submit the documents at issue to WMATA in order to pursue its REA" and, as such, "ERG's contract with WMATA and, the general rule that materials submitted to realize the benefits of a government program are involuntary provided, confirm that WMATA's finding that the documents at issue were involuntarily submitted."  Cubic's Opp. at 6; *see also*, WMATA's Statement of P. & A. at 5-9; WMATA Opp. at 7-10.  In the face of WMATA's and Cubic's briefs ERG attempts to add a new argument that WMATA's decision to disclose these documents should be reversed because such a decision might in fact harm WMATA's decision to get similar documents in the future.  ERG's concern for WMATA's ability to operate and obtain these documents is misplaced and not a basis for reversing WMATA's decision.

2.       ERG's Public Interest Argument is Based on a Misunderstanding of the Law and the Policy Behind FOIA as Expressed in *Critical Mass*.

In its Opposition, ERG states that there is an issue as to "whether [WMATA's] ability to obtain such information will be impaired in the future" in "light of ERG's showing that

---

[1] ERG cites extensively to Mr. Winyard's declaration in its Statement of Facts which is cited multiple times throughout its memoranda and motions.  ERG references Mr. Winyard's declaration indirectly many more times than it cites the Affidavit directly.

[2] Cubic's analysis is constrained by the Protective Order which precludes Cubic and its outside counsel from viewing the record.  As such, Cubic's knowledge of the record is based on the parties' filings, especially the parts of the administrative record filed as Exhibits to its Motion for Summary Judgment by ERG.  *See* ERG's Ex. 1, 22-72.

disclosure of the records at issue will deter it in the future from submitting such detailed information in similar dealings with the agency." Pl.'s Opp. at 7. ERG goes on to argue that WMATA erred in its conclusion that release of the documents it plans to disclose to Cubic would not impair its ability in the future to get documents and that the Court could reverse WMATA on this ground based on ERG's statement that if these documents are released it will act differently in the future. Pl.'s Opp. at 19 (citing *Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F.2d 871, 878 (D.C. Cir. 1992)). An agency's conclusion that its ability to obtain documents in the future will not be impaired, is entitled to deference in a Reverse FOIA action. Thus, ERG's argument is misplaced.

    a.    Agencies' Decisions Regarding Future Impairment to Obtain Documents Are Given Deference in Reverse FOIA Cases.

In reverse FOIA actions courts give deference to an agency's own determination of impairment where the plaintiff is challenging the agency's finding that disclosure will not impair the plaintiff's interests. *See Ctr. for Pub. Integrity v. Dept. of Energy,* 191 F. Supp. 2d 187, 196 (D.D.C. 2002). In *Center For Public Integrity*, the court explained that "the agency 'has an incentive not to release information which will impair its future ability to successfully contract,' and therefore if the agency is willing to release information, it can be safely assumed that the agency is acting to protect its ability to contract in the future." (quoting *McDonnell Douglas Corp. v. NASA*, 981 F. Supp. 12, 15 (D.D.C. 1997), *rev'd on other grounds*, M*cDonnell Douglas Corp., v. NASA*, 180 F.3d 303 (D.C. Cir. 1999)). While the D.C. Circuit has not directly addressed the matter, it has noted that "one circuit has held that a submitter cannot even raise the government's interests on behalf of the agency in a reverse FOIA case." *McDonnell Douglas Corp.*, 180 F.3d at 307 n.2 (citing *Hercules, Inc. v. Marsh*, 839 F.2d 1027, 1040 (4th Cir. 1988)); *see also Gen. Elec. Co. v. U.S. Nuclear Regulatory Comm'n*, 750 F.2d 1394, 1402 (7th Cir.

1984) ("[W]e do not think there is much room for judicial review of the quintessentially managerial judgment that disclosing information submitted to an agency in confidence will not prevent the agency from obtaining such information in the future.  Especially where the Commission resolves the doubts in favor of disclosure . . . contrary to its own self-interest in promoting the flow of information to it").

<blockquote>
b.  Even if WMATA's Decision Was Not Entitled to Deference Its Decision to Disclose the Documents at Issue Will Not Impair Its Ability in the Future to Obtain Similar Documents.
</blockquote>

Even assuming that the Court should not grant deference to WMATA's determination that disclosure of the documents at issue will not impair its ability to obtain further documents in the future, the Court should not reverse WMATA's decision on this ground as ERG is simply wrong in its belief that such disclosure will likely harm WMATA's information gathering ability. "[T]he courts of this Circuit have found that the benefits accruing to bidders from contracting with the federal government make it unlikely that an agency's future contracting ability will suffer impairment due to disclosure of price information."  *Ctr. for Pub. Integrity*, 191 F. Supp. 2d at 196; *see also Racal-Milgo Gov't Sys., Inc. v. Small Bus. Admin.*, 559 F. Supp. 4, 6 (D.D.C. 1981) ("It is unlikely that companies will stop competing for Government contracts if the prices contracted for are disclosed.")  As many contracts with WMATA involve millions of dollars, whether or not a company is competing for a contract or already has a contract and is seeking an equitable adjustment, it is unlikely that WMATA's disclosure here will prevent it from being able to obtain documents in the future from companies seeking these contracts or adjustments.

**C.    WMATA's Decision Finding That ERG Will Not Likely Suffer Substantial Competitive Harm Was Neither Arbitrary Nor Capricious.**

Based on the record before it, WMATA's decision that ERG will not likely suffer substantial harm if the documents at issue are disclosed to Cubic was neither arbitrary nor

capricious and ERG's continued attempt to supplement the record with facts not before WMATA at the time of its decision making process is impermissible.

> 1.    WMATA's Decision Was Neither Arbitrary Nor Capricious and it Was ERG's Burden to Demonstrate it Would Suffer Harm From the Documents' Disclosure.

ERG now argues that WMATA inconsistently applied PARP exemption 6.5.1 when it decided to redact or withhold certain documents it felt would harm WMATA's bargaining position but refused to do the same for documents ERG generally stated would harm its bargaining position.  *See* Pl.'s Opp. at 22-23.  What ERG neglects to realize is that it was its burden to show why the documents it felt should be withheld would harm its position.  *See Nat'l Parks & Conservation Ass'n v. Kleppe*, 547 F.2d 673, 679 n.20 (D.C. Cir. 1976).  Based on the record before WMATA it acted reasonably.  WMATA did not need to justify to ERG how or why it was going to redact documents to protect WMATA's interest, but ERG had to demonstrate to it why it would likely suffer substantial competitive harm if the documents were released—which ERG failed to do on the record other than with general and conclusory statements insufficient to support nondisclosure.  *See* Cubic's Opp. at 7-9; *see also* WMATA's Response to Pl.'s Statement of Material Facts, 12-14 ("We observe that your October 26 letter does not adequately explain ERG's proposed redactions, such as why specific information is likely to cause substantial competitive harm or is not generally released.") (citing WMATA Jan. 10, 2008 letter to ERG (AR 13, p.3)).  Thus, WMATA did not apply the substantial competitive harm test in an inconsistent manner.

> 2.    ERG Continues to Rely on Facts It Failed to Present to WMATA at the Agency Decision Making Level in Order to Support its Claim of Substantial Competitive Harm.

As Cubic has previously noted, many of the facts in Mr. Winyard's declaration and

ERG's Statement of Facts were not before WMATA at the time it made its decision regarding disclosure of the documents at issue.  *See* Cubic's Opp. at 9-10; Cubic's Objection to Winyard Dec.  ERG's Opposition to WMATA's and Cubic's Summary Judgment motions continues to reference these documents in an effort to remedy its failure to properly make its arguments regarding substantial competitive harm to WMATA at the time it made its decision.  For the reasons discussed in Cubic's Opposition, Cubic's Objection to Mr. Winyard's Declaration and as discussed above, the Court should not consider these facts when determining whether WMATA's decision was arbitrary or capricious.  Therefore, based on the record before WMATA, which only included general and conclusory statements from ERG concerning whether or not it was likely to suffer substantial competitive harm, the Court must uphold WMATA's decision that release of the documents at issue would not likely cause ERG substantial competitive harm.

### III.
### CONCLUSION AND PRAYER FOR RELIEF

Because WMATA's decision to release certain documents to Cubic pursuant to its PARP request was neither arbitrary nor capricious, ERG's Motion for Summary Judgment should be denied and Cubic's Motion for Summary Judgment, filed on May 30th, 2008 should be granted.

Dated:  July 31, 2008                              WILEY REIN LLP

                                                    ___/s/_____

                                                    Rodney H. Glover
                                                    Bar No. 387257
                                                    Wiley Rein LLP
                                                    1776 K Street, N.W.
                                                    Washington, DC  20006
                                                    Telephone:  (202) 719-7381
                                                    Facsimile:  (202) 974-1426
                                                    Email: rglover@wileyrein.com

                                                    *Counsel for Cubic Transportation Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July, 2008 a copy of the foregoing document was served electronically with the Clerk of the Court's CM/ECF system upon the following:

Benjamin J. Lambiotte, Esq.
Matthew C. Hoyer, Esq.
Robert A.W. Boraks, Esq.
GARVEY SCHUBERT BARER
1000 Potomac Street, NW
Fifth Floor
Washington, DC  20007
Telephone: (202) 965-7880
Fax:  (202) 965-1729
Email:  blambiotte@gsblaw.com

Phillip T. Staub, Esq.
Bruce P. Heppen, Esq.
Washington Metropolitan Transit Authority
600 5th Street, N.W.
Washington, DC  20007
Telephone: (202) 962-2555
Email: pstaub@wmata.com


                    /s/
                    Rodney H. Glover
                    Bar No. 387257
                    Wiley Rein LLP
                    1776 K Street, N.W.
                    Washington, DC  20006
                    Telephone:  (202) 719-7381
                    Facsimile:  (202) 974-1426
                    Email: rglover@wileyrein.com

                    *Counsel for Cubic Transportation Systems, Inc.*